Harold Baer, J.
This is an action to recover a penalty under section 82d7-10.0* of the Administrative Code of the City of New York. Two actions against the same defendants have been consolidated, seeking $1,100 in penalties for 11 alleged violations *21 of the code. The defendants owned the property under construction on the northeast corner of 46th Street and the Avenue of the Americas, and known as 1180 Avenue of the Americas.
Admittedly, defendants obtained two permits from the office of the President of the Borough of Manhattan. One permit was for the use of the roadway for building materials which permitted an area of 8 feet from the north curb of 46th Street for the storage of such materials, and one permit was for the use of equipment, a crane, which permitted a maximum extension into the roadway from the north curb of 46th Street of 11 feet 4 inches.
The defendants by obtaining the permits aforesaid, complied with that portion of subdivision a of section 82d7-10.0 of the Administrative Code of the City of New York requiring permits for obstructing the streets of the city. They also paid the necessary deposits and upon completion received the return of said deposits, thereby complying with subdivision c of the same section. Subdivisions d and e have no applicability to the issue before the court. The remainder of the section is applicable, and these subdivisions follow:
‘ ‘ b. Conditions. Such permits shall provide expressly that they are given upon condition that the sidewalks and gutters shall at all times be kept clear and unobstructed, and that all dirt and rubbish shall be promptly removed from time to time by the person obtaining such permit. All such permits may be revoked by the borough president, at pleasure. * * *
“ f. Violations, a. Any person who shall violate any provision of this section, upon conviction thereof, shall be punished by a fine of not less than ten dollars nor more than one hundred dollars for each and every day that the violation exists, or by imprisonment for ten days for each and every day that the violation exists, or by both such fine and imprisonment.
“ b. In addition, any person who violates the provisions of this section shall be subject to a civil penalty in the sum of one hundred dollars for each and every day the violation exists.”
The testimony of the police officers confirms that during the first three months of 1962, 11 summonses were issued for 11 separate alleged violations. Four were for exceeding the limits of the crane permit, the equipment allegedly extending 20 feet south of the north curb of 46th Street. Seven were for violating the terms of the roadway obstruction permit, by storing building materials 20 feet south of the north curb, 12 feet in excess of the allowable 8 feet, and in several instances blocking the pedestrian passage on the sidewalk (Administrative Code, *22 § 82d7-10.0, subd. b); also, see the provisions on the back of the permit.
Although the plaintiff seeks to recover a penalty, this is basically a civil action. There is no rule of law which requires the plaintiff in a civil action to prove its case with the same certainty which is required in criminal prosecutions. Nothing more is required in such cases than to prove its case by a fair preponderance of the credible evidence (People v. Briggs, 114 N. Y. 56, 65).
The defendants contend that the complaint should be dismissed for a variety of reasons. That the testimony of the police officers did not prove that the persons served by them for violating the permits were employees of the defendant company, and that only the one violating the statute can be subject to a penalty; that the code, subdivision f of the section involved specifically states that punishment and penalty shall be for “ each and every day that the violation exists ”, and the proof fails to show that any violation existed for a full day; that the penalty may only be exacted where there was no permit obtained; and generally, strict construction of penalty statutes preclude recovery in this instance.
Section 82d7-10.0 was amended on November 7,1960 by Local Law No. 74. At that time a change was made only in subdivision f by increasing the amount of the fine (subd. f, par. a) and by (subd. f, par. b), adding: “ In addition, any person who violates the provisions of this section shall be subject to a civil penalty' in the sum of one hundred dollars for each and every day the violation exists.”
There are no cases on the question here involved, and the amended law has never been interpreted. The legislative background reflects the legislative intent to keep the streets and roadways free of any incumbrance to pedestrian and vehicular traffic. The heading of the local law is: “ to amend the administrative code of the city of New York, in relation to increasing punishments for unlawful incumbrances in streets ”.
Under this amendment to the code, violations were not only punishable by fine and imprisonment, but were made subject to civil penalty. When the police officers issued a summons, it was served upon the individual who violated the code and it was made returnable in the Magistrates’ Court (now Criminal Court). On every summons the name of the “ contractor-owner-employer ” was given as 1180 Co., or 1180 C'orp. This was the company that obtained the permits. While the criminal charge was made only against the individual violating the code, the civil penalty may be exacted from the permittee who violated a *23 nondelegable duty as set forth in the code and in the permit. The violations in the case at issue are similar to the many situations where persons or corporations have been made to pay penalties or fines for the acts of their agents. These offenses fixed under the police power of the Legislature are acts mala prohibita. This defendant is liable for the payment of the civil penalty for acts committed by his servants, agents or subcontractors, even without his knowledge or consent or against his direct prohibition (United States v. Dotterweich, 320 U. S. 277, 281; People ex rel. Price v. Sheffield Farms-Slawson-Decker Co., 225 N. Y. 25).
The words in the code ££ each and every day that the violation exists ” cannot be construed as requiring the violation to exist for a full day, but rather to limiting the number of violations to no more than one for u each and every day Otherwise, a summons might be served several times during the same day for the same violation. In addition, it may be noted that a state of facts once shown to exist is presumed to continue to exist (People ex rel. 180 Varick St. Corp. v. Miller, 166 Misc. 253, affd. 257 App. Div. 936, mot. for lv. to app. den. 281 N. Y. 888 ; Matter of Shupack, 158 Misc. 873; Wilkins v. Earle, 44 N. Y. 172, 192) and defendant offered no convincing testimony to counteract this presumption.
The question then arises as to whether the penalties here may be cumulative. Our courts have refused to impose cumulative penalties in the absence of an unmistakable legislative intent to do so (People v. Spencer, 201 N. Y. 105, 109; People v. Abramson, 208 N. Y. 138, 143). However, a clear legislative intent to impose aggregate penalties is clear in paragraph b of subdivision f of the code which provides for the civil penalty for “ each and every day ” that the violation “ exists ” (People v. Spencer, supra, pp. 109-110; People v. Abramson, supra, pp. 143-144).
The obtaining of a permit is not the only factor of compliance with the code required of an owner or a builder who wishes to incumber the streets with materials or equipment. Adherence to the terms of the permit is likewise required. The code specifically provides in subdivision f of section 82d7-10.0 that “ Any person ” who shall violate “ any ” provision of this section shall be punished and ££ In addition, any person who violates the provisions “ * * shall be subject to civil penalty”.
The defendants violated section 82d7-10.0 of the Administrative Code of the City of New York (subd. b; subd. f, pars, a, b). They also violated the restrictions and limitations in their permits.
*24 Admittedly, a penal statute should he strictly construed. However, construction must follow the clear meaning of the words and the clear intent of the Legislature. To hold that this language does not apply to the defendants or their acts in violation of their permit would clearly frustrate the very purpose of the legislation (see United States v. Dotterweich [Frankfurter, J.], supra, p. 280; People v. Ahearn, 196 N. Y. 221).
Judgment is granted to the plaintiff for $1,100, with the costs and disbursements of this action.

 This section of the New York City Administrative Code was renumbered by chapter 100 of the Laws of 1963 and is now section 692f-1.0.