OPINION OF THE COURT
Joel M. Goldberg, J.
In a matter of statutory construction of section 19-122 (a) of the Administrative Code of the City of New York, the issue presented is whether a Department of Transportation street use permit must be obtained by owners of rubbish containers and dumpsters who provide these items to builders.
Flag Container Service Inc. is charged with numerous separate violations of section 19-122 (a) of the Administrative Code *524 in that the defendant "had placed” either a rubbish container or dumpster on a roadway without having obtained the permit required under Administrative Code § 19-122 (a). Defendant now moves for a dismissal of the charges on the ground that the permit requirement applies only to builders who will use building material or equipment on a roadway and not to the owners of these items.
In support of its motion to dismiss, defendant alleges that it is engaged in the business of providing roll-off containers for the collection of construction and demolition debris, the recycling of this material and the collection of garbage, and that it is neither a "builder” nor in the building business.
In response, the People contend that defendant’s argument is without merit since the word "builder” could encompass anyone who is using, placing or storing building equipment in the roadway. "Building equipment,” the People argue, includes containers and dumpsters when they are used to carry and store debris resulting from demolition.
Resolution of this issue lies in an interpretation of the term "builder” as it is used in Administrative Code § 19-122.
Administrative Code § 19-122 provides, in pertinent part: "a. Permit. The commissioner shall have power to grant permits to builders to occupy not more than one-third of the roadway of any street with building material and equipment if, in his or her opinion, the interests and convenience of the public will not suffer thereby. At the time of placing such material or equipment in the street, the permit so granted shall forthwith be posted in a conspicuous place on or near the material or equipment and shall be kept there so as to be readily accessible to inspection.” (Emphasis added.)
Although the Administrative Code does not define "builder”, it is not synonymous with "owner”, if these words are to be given their natural and obvious meanings according to ordinary usage. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232.)
In fact, the very statute under consideration places a separate responsibility on the "owner” of building material and equipment.
An examination of Administrative Code § 19-122 (b) (3) reveals that: "All building material and equipment shall have printed thereon the name, address and telephone number of the owner thereof.” (Emphasis added.)
That the enacting authority has distinguished between the *525 terms "builder” and "owner” confirms that the two terms are not synonymous and that "builder” and "owner” should not be used interchangeably in determining their respective obligations under the statute. Where a law expressly describes a particular person to which it shall apply, an irrefutable inference must be drawn that what is not included was intended to be excluded. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 240, at 411.)
The primary consideration in the construction of statutes is to ascertain and give effect to the intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a], at 177.) The reason for the statute’s distinction between the terms "builder” and "owner” is made apparent in subdivision (c) of section 19-122.
Section 19-122 (c) provides: "c. Deposit. It shall be unlawful to grant any such permit to any builder unless, at the time such permit is granted, he or she shall have on deposit with the commissioner the sum of fifty dollars as a guarantee that he or she will promptly comply with the conditions of all permits which may be so granted, including the prompt removal of all dirt and rubbish placed upon the street from time to time, and also for the prompt removal of any building material or equipment placed upon the street thereunder, after the expiration or revocation of any such permit.” (Emphasis added.)
Subdivision (c) requires the "builder” to pay a deposit at the time the permit is granted. Such deposit is subject to forfeiture if the site is not kept clean of debris or if the building material or equipment is not timely removed. Thus, the statutory scheme is to have the "builder” obtain a permit by posting a deposit which is subject to forfeiture if the construction site is not kept in good order. The statutory incentive for the builder to keep the site in good order would be frustrated by the People’s view of the statute. If an "owner” were required to obtain the permit and post the deposit, the builder would then have no financial incentive to maintain the site in good order. That is why the statute requires the builder rather than the owner to obtain the permit and post the deposit. A statute should be given a rational interpretation consistent with achieving its purpose. (McKinney’s Cons Laws of NY, Book 1, Statutes § 96, at 205.)
Therefore, this court determines that as used in Administrative Code § 19-122 (a) the "builder” is responsible for obtaining *526 the permit and mere owners of the building equipment or material are not within the meaning of that term. The only reported cases found by this court have applied the predecessor of Administrative Code § 19-122 to either the owner of the premises or to the builder and not to the owner of the equipment. (People v Psaty & Fuhrman, 39 Misc 2d 435 [Crim Ct 1963]; City of New York v Benenson, 41 Misc 2d 20 [Civ Ct 1963].)
In order for a local criminal court information to be sufficient on its face, it must contain nonhearsay allegations in the factual part of the information and in any supporting depositions which establish, if true, every element of the offense charged and the defendant’s commission thereof. A facially insufficient information is jurisdictionally defective and subject to dismissal. (See, CPL 100.40 [1] [c]; 170.35 [1] [a]; People v Alejandro, 70 NY2d 133 [1987].)
An essential element of the permit requirement of Administrative Code § 19-122 (a) is that the violator is a "builder.” Because these complaints fail to allege that the defendant is a "builder” they are deficient as informations. The People contend that the issue of whether the defendant is a proper party is an issue of fact for trial. However, the cases cited by the People are inapposite. The issue here is whether an essential element of the crime is alleged. Because it is essential that the violator be a "builder”, this fact must be alleged for the information to be sufficient.
Furthermore, the statute only applies to "building material and equipment”. These purported informations only allege that containers or dumpsters were placed in the roadway, without specifically alleging that they are either "building material [or] equipment.” While it is possible that containers and dumpsters could be used as building material or equipment, it is also possible that they could be used for other purposes — such as receptacles for restaurant waste or ordinary garbage. Thus, the purported informations are also defective because they do not allege an essential element of Administrative Code § 19-122 (a), i.e., that either "building material [or] equipment” was placed in the roadway. This defect cannot be cured by a bill of particulars or even by proof of this fact at trial. (People v Alejandro, supra, at 138.)
From the dozens of similar cases pending in this court against other companies who own dumpsters and containers, it appears that builders are regularly ignoring the permit *527 requirement of Administrative Code § 19-122 (a). Since it may be difficult to identify and serve process on the builder at each site where a dumpster or container has been placed in the street without a permit, it appears that the Department of Transportation has followed the easier course of prosecuting the owner whose name is found on the container or dumpster. While this tactic may be easier (and perhaps undertaken with the hope that owners of dumpsters and containers will be careful not to lease their equipment to builders who do not have a street permit), the statute does not make owners of dumpsters and containers liable for a builder’s failure to obtain a street permit. The Department of Transportation may only prosecute the builder for these violations or obtain an amendment to the statute.
For the reasons stated above, defendant’s motion to dismiss is granted.