OPINION OF THE COURT
Joseph J. Maltese, J.
The defendant has appeared and moves to dismiss on the grounds that the universal summons and supporting deposition are insufficient and fail to allege every element of the offense of which the defendant is charged under Administra *396 tive Code of the City of New York § 19-122 for "Placing container on roadway No protection boards used.”
The initial instrument served upon the defendant, Allied Sanitation, Inc., was a summons which was annotated on the reverse side as a criminal court information dated September 10, 1991. Said instrument met all the necessary requirements of an information in that it contained the name of the defendant, location of offense, title of offense, code section violated, description of the offense, court and date returnable, and was signed by the accuser, Inspector Robert Walker, under penalty of perjury pursuant to section 210.45 of the Penal Law.
In addition, another instrument was filed dated September 17, 1991, with boxes labeled "misdemeanor complaint” or "misdemeanor information” which were unmarked. This instrument was signed by the same Inspector Walker and contains essentially all of the information listed in the initial instrument.
In essence, this second instrument was not essential to corroborate the initial instrument but was duplicative of same, albeit, in a clearer format. Both instruments met the requirements of CPL 100.15 for the filing of an information. Accordingly, the defendant’s argument that the summons and supporting deposition do not plead a prima facie case is not substantiated. Moreover, the People have also served and filed a superseding information incorporating all of the foregoing necessary information with sufficient specificity.
It is uncontroverted that a container, commonly known as a dumpster, owned by defendant was deposited on Duffield Street in the County of Kings in September of 1991 by defendant’s driver without placing protective boards under the wheels of the container. The driver was given a summons for violating Administrative Code § 19-122 in the name of the defendant, Allied Sanitation, Inc., as owner of the container.
It is noted that the motion contains no statement of a person having personal knowledge of the events. Nonetheless, assuming that the facts as stated are true, this motion to dismiss must be denied.
The defendant claims that the People have failed to allege under Administrative Code § 19-122 (a): (1) the defendant is a builder; (2) the Commissioner had the power to grant a sidewalk obstruction; (3) the container in question was "building material” or "equipment”; (4) the defendant was required *397 to apply for a permit; (5) the roadway in question was a street paved with asphalt; and, (6) defendant was the owner of the premises.
Administrative Code § 19-122 (a) refers to "builders”; but, as specified in subdivisions (d) (2) and (f), the section is applicable to anyone placing building material or equipment upon the pavement of a street paved with asphalt, asphalt block or wood. Defendant’s narrow reading of this section to mean that only builders are prohibited from such conduct is contrary to the meaning and obvious intent of this section.
A review of the legislative history of this Administrative Code provision reveals that the original version of section 19-122 (former § 82d7-10.0), adopted in 1937, was limited to "building material.” Early on the provision was amended to provide penalties for its breach and clarified to ascertain to whom the penalties applied. With Local Laws, 1939, No. 172 of the City of New York, subdivision (f) was added that specifically designated that it shall apply to "[a]ny person who shall violate any provision of this section”.
In 1960, the purpose of this section was further defined by Local Laws, 1960, No. 615 of the City of New York "to amend the administrative code of the city of New York, in relation to increasing punishments for unlawful encumbrances in streets.” Said amendment expanded the original regulation of "building material” to include "equipment.” The legislative file contains a memo dated October 28, 1960 from the Deputy Mayor to Mayor Robert Wagner commenting: "The purpose of this proposed local law is to free the streets of incumbrances [sic] illegally placed thereon in the course of or after construction.” The new subject matter was inserted at nine places in the amended subdivision leaving no doubt of the intention to expand the regulation beyond building material.
As stated in City of New York v Benenson (41 Misc 2d 20, 22 [Civ Ct 1963]), "The legislative background reflects the legislative intent to keep the streets and roadways free of any incumbrance [sic] to pedestrian and vehicular traffic.”
By a 1984 amendment introduced to the City Council by Councilmen O’Donovan and LaPorte, it is now required that "All building material and equipment shall have printed thereon the name, address and telephone number of the owner thereof.” See Local Laws, 1984, No. 9 of the City of New York that added subdivision (b) (3) of Administrative Code § 19-122. This amendment makes it clear that the Ad *398 ministrative Code means to include owners of the equipment and builders.
With due consideration to the principle that interpretation of statutes requires that construction must follow the clear meaning of the words and the clear intent of the Legislature, the entire section must be considered as a unit (City of New York v Benenson, supra, at 24, citing United States v Dotterweich, 320 US 277 [1943], and People v Ahearn, 196 NY 221).
In City of New York v Carolla (48 Misc 2d 140, 143 [NY City Ct 1965]) the court stated: "The statute imposes the penalty upon 'any person’ violating its provisions. An employee who participates in the violation by his employer of such a statute may be punished thereunder and be required to pay the civil penalty. 'Any person’ includes employees. (People v. O’Neil, 280 App. Div. 145 [3d Dept 1952]; United States v. Dotterweich, supra.)”
The court in Carolla (supra) found that a triable issue existed whether the defendant created the violation. Such an issue also remains in this matter that must be resolved at trial.
The defendant herein relies on People v Flagg Container Serv. (150 Misc 2d 523 [Crim Ct, Richmond County 1991]) that resolved the question "whether a Department of Transportation street use permit must be obtained by owners of rubbish containers and dumpsters who provide these items to builders.” To that issue the court in Flagg (supra, at 526-527) observed "that builders are regularly ignoring the permit requirement of Administrative Code § 19-122 (a)”, and that prosecuting the owner of the container was the easier course for the Department of Transportation to follow. In Flagg, the court found that the statute does not make the owner of the containers liable for the builder’s failure to obtain a street permit and, therefore, dismissed the charges.
This is not the issue in the instant case as the statute imposes both civil penalties against the builder and criminal charges against any person who shall violate the statute.
Although Flagg (supra, at 526) was decided upon the grounds that only builders may be prosecuted for failure to obtain a street permit, it raised the question whether the containers or dumpsters are either " 'building material [or] equipment’ ”. The court found the information defective because it did not allege that the container or dumpster was building material or equipment.
*399 It is the conclusion of this court that the word "equipment” encompasses containers or dumpsters as they are items regularly used during construction. The reasoning of Flagg (supra) that the containers may have been used for types of material other than building or construction does not detract from their description as equipment. Even if the container was used as a garbage receptacle, it would still be classified as equipment.
The word "equipment” has been characterized as: "An exceedingly elastic term, the meaning of which depends on context” (Black’s Law Dictionary 631 [4th ed 1968]). In the 1991, sixth edition of Black’s Law Dictionary at page 537, "equipment” is defined as: "Furnishings, or outfit for the required purposes. Whatever is needed in equipping”. Among synonyms listed in Synonym Finder (362 [Rodale Press 1978]), the word "equipment” equates to: "apparatus, gear, accouterments * * * tools * * * machinery; implements, appliances”. Equipment is thought to be movable or transient as contrasted to a fixture attached to the property. Accordingly, the generally accepted usage of the word "equipment” would include such containers as dumpsters commonly used on construction job sites. In addition, their substantial size brings them within the avowed purpose of Administrative Code § 19-122 to eliminate encumbrances upon the streets.
Accordingly, for all the foregoing reasons the motion to dismiss is denied.