OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
The People established that defendant’s driver deposited a rubbish container (dumpster) owned by defendant on asphalt pavement at a construction site without placing it on the protective planking required by Administrative Code of the City of New York § 19-122. The question presented is whether only a "builder” can be held criminally liable by the terms of that statute as contended by defendant or whether the language is broad enough to encompass an "owner.” The court denied the defendant’s motion to dismiss made on this ground (154 Misc 2d 395) and we think properly so.
Administrative Code § 19-122 provides in relevant part as follows:
"Building material and equipment, a. Permit. The commissioner shall have power to grant permits to builders to occupy not more than one-third of the roadway of any street with building material and equipment if, in his or her opinion, the interests and convenience of the public will not suffer thereby. At the time of placing such material or equipment in the street, the permit so granted shall forthwith be posted in a conspicuous place on or near the material or equipment and shall be kept there so as to be readily accessible to inspection * * *
"3. All building material and equipment shall have printed thereon the name, address and telephone number of the owner thereof * * *
"d. Restrictions * * *
"2. In no case shall building material or equipment be placed upon, nor shall mortar, cement or other material be mixed upon, the pavement of a street paved with asphalt, asphalt block or wood, except under a permit issued by the commissioner, which shall contain a provision that such pavement shall be protected by first laying planks thereon. The commissioner, or other officers issuing permits to builders to *87 use the streets, shall insert in each such permit a clause requiring compliance with this provision * * *
"f. Violations. 1. Any person who shall violate any provision of this section, upon conviction thereof, shall be punished by a fine of not less than fifty dollars nor more than one hundred dollars for each and every day that the violation exists, or by imprisonment for ten days for each and every day that the violation exists, or by both such fine and imprisonment”. (Emphasis supplied.)
It is a rule of statutory construction that all parts of a statute be harmonized and that every word therein be given effect (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 98, 231). The statute in question mentions two separate classes of individuals, "builders” and "owners”. It also contains an outright prohibition of placing building equipment on asphalt pavement without protective planking. This being so, the provision that "Any person” shall be subject to criminal sanctions for violating the provisions of the statute should not be interpreted as limited to "builders” but should be given its normal meaning, which would include "owners” of equipment who are responsible for its placement (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 271 [c]; § 275; see also, City of New York v Corolla, 48 Misc 2d 140; cf., People v Flag Container Serv., 150 Misc 2d 523).
We note that the failure of the permit to include the planking requirement as an express condition does not serve to shield defendant from liability. The permit did provide that it was issued subject "to all applicable laws, rules and specifications,” and in any event, "No building permit [issued] by an administrative official could condone, or afford immunity for, a violation of law”. (Marcus v Village of Mamaroneck, 283 NY 325, 330.) Any omission, therefore, should be deemed a mere irregularity in the issuance of the permit and not to negate an essential element of the offense. We find no merit in defendant’s remaining arguments.
Aronin, J. P., Joy and Scholnick, JJ., concur.