In the Matter of CATHERINE HORAN, Petitioner, against ARTHUR W. WALLANDER, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, November 5, 1945.

*I. F. Becker* and *Charles D. Scanlon* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Helen R. Cassidy* of counsel), for respondents.

SHIENTAG, J. Petitioner has instituted this proceeding under article 78 of the Civil Practice Act. She seeks an order directing the Board of Trustees of the Police Pension Fund of the City of New York to pay her a pension in an unspecified amount as the widow of a police officer whose death occurred while he was a member of the police force. On February 7, 1945, petitioner shot her husband and he died as the immediate result of the wounds inflicted. She was indicted and tried for the crime of murder in the first degree. On May 3, 1945, she was acquitted after trial, the defense being temporary insanity at the time of the shooting. On June 5, 1945, she applied for a pension as the widow of the deceased police officer. The Board of Trustees of the Police Pension Fund, at its regular meeting on June 11, 1945, by unanimous resolution denied her application. At a special meeting on October 10, 1945, the Board of Trustees unanimously voted a pension of $600 per annum to the two children of the petitioner and her late husband, both children being under eighteen years of age.

The provision of the Administrative Code of the City of New York here applicable is section B18–6.0, which in part reads as follows: " § B18–6.0. *Payment of pensions; death.* a. The board of trustees of the pension fund shall pay a pension out of such fund to the widow, child or children or dependent parent or parents of any deceased member of the police force in such department, if the death of such member occur during his service in such police force, or after he was retired from service in such force. The amount of any such pension to be paid by the board of trustees to each of the several representatives of such member, in case there shall be more than one, from time to time, may be determined by such board according to the circumstances of each case. The annual pension to the representative or representatives of such member, however, shall be six hundred dollars, and no part of such sum shall be

paid to any such widow who shall remarry, after such remarriage, or to any child after it shall have reached the age of eighteen years.''

Three questions are presented on this application: (1) Is the widow barred from any pension rights because she shot her husband? (2) Is the provision for the payment of an annual pension of $600, as provided in the section of the Administrative Code above set forth, in the nature of a gratuity which the trustees of the Police Pension Fund may or may not pay, in the exercise of their discretion, or does it represent a contractual obligation? (3) Assuming it is a contractual obligation, has the Board of Trustees of the Police Pension Fund discretion as to the person or persons to whom such payment may be made, and, if so, has that discretion been abused in such a manner as to warrant court interference?

(1) It is axiomatic in the law that no person will be allowed to acquire property by his own crime (*Riggs et al.* v. *Palmer et al.,* 115 N. Y. 506, 511). The killing need not be with a view to acquisition of the victim's property (*Matter of Sparks,* 172 Misc. 642). The principle applies, for example, to the crime of manslaughter in the first degree, although that crime involves no design to effect the death of the victim (Penal Law, § 1050).

However, a shooting which results in death does not in and of itself constitute the commission of a crime. This would be true, for example, of a killing while insane to such an extent that the person accused did not understand the nature or quality of his act (cf. *Matter of Eckardt,* 184 Misc. 748).

So far as the petitioner's right to a pension is concerned, her acquittal in the criminal action is not an adjudication binding on the Board of Trustees of the Police Pension Fund. If that were the only question here presented this court would have to order a trial on the issue as to whether in shooting her husband petitioner had committed an act which deprived her of any right to a pension. '' A judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto '' (*Schindler* v. *Royal Insurance Co.,* 258 N. Y. 310, 313). As will be pointed out, however, there are other considerations here present which would make a trial at this time academic.

(2) The annual pension provided for in section B18–6.0 of the Administrative Code of the City of New York is not in the nature of a gratuity. It represents a contractual right. Originally, the pension now provided in the Administrative Code

was discretionary with the Police Commissioner (section 354 of the old Greater New York Charter [L. 1901, ch. 466]). The language of the present section of the Administrative Code, however, indicates that it is mandatory upon the Board of Trustees of the Police Pension Fund to grant an annual pension of $600 upon the death of a member if he leaves him surviving any of the representatives therein mentioned. There is nothing in section B18–7.0 of the Administrative Code which indicates the contrary. That section does refer to a situation where a pension is not paid by the Board of Trustees pursuant to section B18–6.0. That does not indicate that the granting of such a pension is discretionary. It is an indication that a contingency might arise, for example, where upon the death of a member he left no representatives such as are mentioned in the preceding section, that is, where he died without leaving a widow or children under eighteen years of age or dependent parents.

(3) Although it is mandatory to pay the $600 annual pension upon the death of a member leaving him surviving any of the representatives enumerated in the statute, the Board of Trustees of the Police Pension Fund has the discretion to determine to which of those representatives and in what amount or amounts the pension shall be paid.

The wording of the section is such as not to leave the question entirely free from doubt. The difficulty is that originally the pension was a gratuity and there was, therefore, the widest form of discretion conferred upon the Police Commissioner. Now that it has become a contractual right clarification of the section by the Legislature would seem to be desirable.

An examination of the wording of the section leads me to the conclusion that the Board of Trustees of the Police Pension Fund is vested with discretion to award the pension in such proportionate amounts as it deems proper to any one or more of the persons designated in the section as beneficiaries. That does not mean that each representative must receive some part of the $600 pension. Such a construction would lead to most unfortunate results. As I read the section the Board of Trustees may decide under the particular circumstances of a case to award the entire amount to the widow (and that is customarily done); it may award part of the pension of $600 to the widow and part to the children; it may decide to award the entire amount to the children and give the widow nothing; it may even decide that the situation is such that, in the interests of justice, the pension in whole or in part should be paid to dependent parents.

The Board of Trustees is not obliged to pay the pension to the representatives of the deceased in the order in which they are named in the statute. Where that was intended, as in subdivision b of the very section itself, there is a specific provision that payment be made in the first instance to the widow. and that if the member left no widow him surviving, to the children under the age of eighteen years or dependent parent or parents. Subdivision b of the section refers to a case where a member of the police force is killed while actually engaged in the performance of duty, in which event, generally speaking, the pension is one half of the salary of the member at the date of his decease.

This court cannot set up a provision in the nature of a Statute of Distribution where none is referred to in the section itself. Nor can the court proceed by way of analogy to the case of intestacy because in that event one third goes to the widow and two thirds to the children.

In other words, the annual pension of $600 must be paid if the deceased police officer leaves him surviving any of the representatives specified in the section, but how the pension shall be distributed among those representatives rests in the sound discretion of the trustees of the Police Pension Fund.

I hold, therefore, that the Board of Trustees of the Police Pension Fund had the power to determine, under the circumstances, that it would award the entire amount of the $600 annual pension to the two children under the age of eighteen and that, with a discretion so exercised, the court will not interfere.

When these children become eighteen years of age and if the widow has not remarried in the meantime (and there are no dependent parents), the Board of Trustees would be bound to pay her the $600 annual pension unless it were contended that her act in shooting her husband deprived her of any right to a pension. That question could then be raised by the Board of Trustees despite the acquittal in the criminal action, and petitioner would then be entitled to a trial in this court on that issue. At the present time the application is in all respects denied.