Arnold L. Fein, J.
Motions numbered 93 and 95 are hereby consolidated and disposed of simultaneously.
In this action to recover a civil penalty brought under paragraph b of subdivision f of section 692f-1.0 of the Administrative Code of the City of New York for obstructing more than one third of the street, defendant Carolla moves to dismiss the complaint as to him for failure to state a cause of action. Defendant’s motion is grounded on the allegations that (1) criminal summonses issued against him and others for the same alleged violations were dismissed; and (2) he was a mere laborer, working for the permittee William Clemente Corp., not named, sued or served as a defendant.
Section G92f-1.0 (subd. f, par. a) of the Administrative Code subjects “Any person” who obstructs the roadway beyond the permitted area during construction to a fine or imprisonment.
Section 692f-1.0 (subd. f, par. b) provides: “ In addition, any person who violates the provisions of this section shall be subject to a civil penalty in the sum of one hundred dollars for each and every day the violation exists.”
Defendant contends that the words “ In addition ” in paragraph b require that there first be a conviction in the Criminal Court under paragraph a before the civil penalty can be imposed, citing City of New York v. Benenson (41 Misc 2d 20). That ease does not support such conclusion. It holds merely that the corporate employer of the individuals convicted in the Criminal Court may be subjected to the civil penalty, under the well-settled principle that the employer may be held liable for a civil penalty for acts mala prohibita committed by his servants, agents, employees or subcontractors, despite the employer’s lack of actual knowledge or consent or even against his direct prohibition. (People ex rel. Price v. Sheffield Farms — Slawson-Decker Co., 225 N. Y. 25.)
*142 Such holding does not preclude the imposition of a civil penalty upon the employee shown to have violated the statute. Nor is there any authority for holding that the words ‘ ‘ in addition ’ ’ intend that there first must be a criminal conviction and the imposition of criminal sanctions, and only then a civil action to recover the statutory penalty. The authorities respecting the statute here involved are sparse. Other than City of New York v. Benenson (supra) the statute does not appear to have been interpreted. However, the legislative background makes evident the intent of the Legislature to keep the streets and roadways free of incumbrances to pedestrians and vehicular traffic, a manifest necessity in these days of widespread construction in this busy city. The Legislature obviously intended to provide both criminal sanctions and civil penalties. The use of the words “ in addition ” appears to intend that the penalties might be cumulative, although there is no apparent intention to preclude the city from proceeding either criminally or civilly. Generally, the courts have refused to impose cumulative penalties in the absence of a clear and definite legislative intent to so provide. (People v. Spencer, 201 N. Y. 105; People v. Abramson, 208 N. Y. 138.) However, there is no requirement that the remedies be cumulative. See People v. Briggs (114 N. Y. 56) where the statute made its violation a misdemeanor and also provided for a civil penalty.
To hold otherwise would be to frustrate the statutory intention. (People v. Ahearn, 196 N. Y. 221.)
Defendant urges his alleged acquittal of the criminal offense as a bar to recovery of the civil penalty. Although proof of conviction in a criminal case may be admissible against the convicted person, in some instances, in a subsequent civil action,, involving the same subject matter or circumstances, such conviction is not effective as a plea in bar. (Schindler v. Royal Ins. Co., 258 N. Y. 310; Matter of Rechtschaffen, 278 N. Y. 336; Giessler v. Accurate Brass Co., 271 App. Div. 980; Walther v. News Syndicate Co., 276 App. Div. 169.) However, evidence of an acquittal in a criminal prosecution is ordinarily not admissible, in a civil action, to prove the innocence of the accused even though the same material facts and circumstances may be involved. (Etheridge v. City of New York, 121 N. Y. S. 2d 103, affd. 283 App. Div. 867; Farley v. Patterson, 166 App. Div. 358.) There is the obvious and manifest difference in quantum of proof required: in a criminal case, beyond a reasonable doubt; in a civil action, even for a penalty, a fair preponderance of the evidence. (Matter of Horan v. Wallander, 186 Misc. 40; People v. Briggs, 114 N. Y. 56, supra; Etheridge v. City of New York, *143 supra; City of New York v. Benenson, 41 Misc 2d 20, supra; United States v. Dotterweich, 320 U. S. 277.) A fortiori, the prior acquittal is not available as a plea in bar, as here urged.
Nor does the allegation that the moving defendant was a mere employee require that the complaint be dismissed. The statute imposes the penalty upon “ any person ” violating its provisions. An employee who participates in the violation by his employer of such a statute may be punished thereunder and be required to pay the civil penalty. “Any person” includes employees. (People v. O'Neil, 280 App. Div. 145; United States v. Dotterweich, supra.) Obviously a triable issue exists as to whether the defendant Carolla personally participated in or created the violation of the statute. If he was a mere laborer who did not personally create or participate in the violation, it was undoubtedly not the intention of the Legislature to impose a penalty. The law is clearly to the contrary where the employee himself violates the law even though he may do so under the direction of his superior or his employer. (People v. O'Neil, 280 App. Div. 145; People ex rel. Price v. Sheffield Farms — Slawson-Decker Co., supra; United States v. Dotterweich, supra.) Resolution of this matter can only be had upon a trial and not upon the face of the complaint. Defendant’s motion to dismiss is denied.
Plaintiff’s motion to strike out defendant’s answer for failure to appear and submit to examination pursuant to notice is granted only to the extent of directing that defendant Vito Carolla appear and submit to examination by the plaintiff at Special Term, Part II of this court on November 15, 1965 at 10:00 a.m. Although it now appears that an answer may be stricken for failure to appear and submit to examination in response to a proper notice of disclosure, without requiring an order (Coffey v. Orbachs, Inc., 22 A D 2d 317), under the circumstances here disclosed such a remedy should not now be imposed. Plaintiff has served and filed a statement of readiness and notice of trial, demanding a preference. The attorneys who appear for defendant Carolla apparently do so only under direction of the court, and there seems to be a question of said defendant’s whereabouts. It will be sufficient for the Trial Judge to determine what sanctions should be imposed for the failure of the defendant to appear. Plaintiff may, if it is so advised, move to strike defendant’s answer if he fails to appear pursuant to this order.