(936 P.2d 286)

No. 76,227

RADKE OIL COMPANY, INC., *Appellee*, v. KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT and JAMES J. O'CONNELL as SECRETARY OF THE KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, *Appellants*.

Opinion filed April 11, 1997.

*William L. Anderson*, of Kansas Department of Health and Environment, for appellants.

*Casey R. Law*, of Bremyer & Wise, P.A., of McPherson, for appellee.

Before GERNON, P.J., ROYSE and MARQUARDT, JJ.

GERNON, J.: Radke Oil Company, Inc., (Radke) appealed the Kansas Department of Health and Environment's (KDHE) order assessing civil penalties against Radke. The district court, on its own motion, ruled that KDHE lacked jurisdiction to assess a civil penalty under K.S.A. 65-34,113(a) without first convicting Radke of a criminal offense under K.S.A. 65-34,109. The district court voided KDHE's order for lack of jurisdiction. KDHE appeals the district court's ruling and its interpretation of K.S.A. 65-34,113(a).

On May 12, 1994, KDHE issued a civil penalty order against Radke. The civil penalty order was issued due to a KDHE environmental scientist's inspection of the Zip-In convenience store on August 24, 1993. The scientist reported that the Zip-In did not have valid operating permits as required by K.S.A. 65-34,109. At the time of the inspection, the old permits had expired. Invoices supplied to the scientist showed that Radke had delivered gasoline on two separate days when clearly the storage tank permits had expired. The invoices were falsely marked to show that the facility had a valid permit on August 7, 1993.

KDHE assessed a civil penalty of $2,000 for the violations stated in the civil penalty order against Radke. Radke appealed the order on May 24, 1994. A hearing officer upheld the $2,000 penalty. Radke then filed a petition for review with the Secretary of KDHE. The Secretary issued a final order which upheld the $2,000 penalty. Radke then filed a petition for judicial review with the district court.

The district court concluded:

"I'm finding that an administrative agency cannot assess civil penalties for violating a criminal law unless the criminal law violation has been proved with the appropriate burden of proof and attendant protection of the constitutional rights guaranteed in criminal cases, such as trial by jury, providing counsel, due process, beyond a reasonable doubt burden of proof. I think that these statutes under discussion [, K.S.A. 65-34,109; 65-34,113(a),] in this case are clear, and I think they're unambiguous, and they only require a clear and careful reading. *Therefore, and on the basis of that decision, I am finding that this Court does not have jurisdiction to hear the appeal. And further, that the Secretary of [KDHE] did*

*not have the jurisdiction and authority to assess the initial penalties that were appealed, from which this appeal emanated.*" (Emphasis added.)

However, in the journal entry filed, the district court changed its decision on the issue of its subject matter jurisdiction. In regard to jurisdiction, the district court held:

"1. *This Court has jurisdiction of the parties and of the subject matter.*

. . . .

"5. *Under K.S.A. 77-609(a), this Court has jurisdiction of Radke's 'Petition for Judicial Review of Agency Action.'*

. . . .

"10. Radke was never criminally convicted of a violation of K.S.A. 65-34,109(a); therefore KDHE lacked jurisdiction to impose a civil penalty upon Radke under K.S.A. 65-34,113 by reason of a supposed violation of K.S.A. 65-34,109(a).

"11. The 'Final Order' was entered without jurisdiction and is therefore void." (Emphasis added.)

The court voided KDHE's order as a matter of law and neither heard evidence nor made findings of fact as to the merits of Radke's administrative appeal, in which Radke claimed that it had not violated K.S.A. 65-34,109(a).

This is an issue of statutory construction.

K.S.A. 65-34,109 states:

"(a) It shall be unlawful for any person to:

(1) Deposit, store or dispense, or permit any person to deposit, store or dispense, any regulated substance into any storage tank which does not comply with the provisions of this act, the rules and regulations promulgated hereunder, or any order of the secretary;

. . . .

"(b) Any person who violates any provision of subsection (a) shall be guilty of a class A misdemeanor and, upon conviction thereof, shall be punished as provided by law."

K.S.A. 65-34,113 states in part:

"(a) Any person who violates any provisions of K.S.A. 65-34,109 or 65-34,110, and amendments thereto, shall incur, *in addition* to any other penalty provided by law, a civil penalty in an amount of up to $10,000 for every such violation, and in case of a continuing violation, every day such violation continues shall be deemed a separate violation." (Emphasis added.)

KDHE asks this court to reverse the district court's order and find that K.S.A. 65-34,109 and K.S.A. 65-34,113(a) provide two

separate procedures for punishment and are not interdependent upon each other.

In reviewing KDHE's argument, this court should grant KDHE deference if its interpretation is supported by a rational basis. See *National Council on Compensation Ins. v. Todd*, 258 Kan. 535, 539, 905 P.2d 114 (1995). However, KDHE's interpretation is not binding on this court. If KDHE is mistaken as to the interpretation of these statutes, which is a question of law, this court has an obligation to cure the agency's action. See 258 Kan. at 539.

K.S.A. 65-34,109 is a strict liability criminal statute. A violation of K.S.A. 65-34,109(a) is a class A misdemeanor. K.S.A. 1996 Supp. 21-4502(1)(a) and K.S.A. 1996 Supp. 21-4503a(b)(1) provide that any person convicted of a class A misdemeanor may be sentenced to confinement for a term not to exceed 1 year and, in addition to or instead of, may be assessed a fine not to exceed $2,500. Additionally, K.S.A. 65-34,113(a) assesses a civil penalty for violating K.S.A. 65-34,109.

The question before this court is whether KDHE must prosecute and convict Radke under K.S.A. 65-34,109 before assessing a civil penalty under K.S.A. 65-34,113(a).

"Generally, environmental statutes are given a broad, liberal interpretation in order to afford the full protection of the act which is being construed." 3A Sutherland, Statutory Construction § 75.06, p. 430 (5th ed. 1992). However, "[a] penalty provision in a statute should be strictly construed in favor of the person being penalized." 3A Sutherland, § 75.06, p. 431. See *Attorney General v. Biewer Co.*, 140 Mich. App. 1, 9, 363 N.W.2d 712 (1985).

The argument that Radke relies upon to support the district court's interpretation is that the language, "in addition to any other penalty provided by law," (K.S.A. 65-34,113[a]) requires another penalty to be asserted before the assessment of a civil penalty under K.S.A. 65-34,113. The term "in addition to," by itself, does not require that another penalty be asserted. Rather, the legislature's use of the term "in addition to" suggests that the legislature either contemplated or intended that parties would be liable for both civil and criminal penalties for violation of K.S.A. 65-34,109(a). How-

ever, "in addition to" does not, by itself, create a condition precedent.

We are persuaded that the holding in a New York case which interpreted a similar statue is correct and conclude that given our reliance on the reasoning of that case, this case must be reversed.

New York interpreted its statute in *City of New York v. Carolla*, 48 Misc. 2d 140, 264 N.Y.S.2d 408 (1965). The facts of *Carolla* involved a civil penalty brought against Carolla under § 692f-1.0 (subd. f, par. b) of the Administrative Code of the City of New York. 48 Misc. 2d at 141. Section 692f-1.0 (subd. f, par. a) "subjects '[a]ny person' who obstructs the roadway beyond the permitted area during construction to a fine or imprisonment." 48 Misc. 2d at 141. Additionally, § 692f-1.0 (subd. f, par. b) provided: " *'In addition*, any person who violates the provisions of this section shall be subject to a civil penalty in the sum of one hundred dollars for each and every day the violation exists.' " 48 Misc. 2d at 141. (Emphasis added.)

In *Carolla*, the New York court stated:

"The Legislature obviously intended to provide both criminal sanctions and civil penalties. The use of the words 'in addition' appears to intend that the penalties might be cumulative, although there is no apparent intention to preclude the city from proceeding either criminally or civilly. Generally, the courts have refused to impose cumulative penalties in the absence of a clear and definite legislative intent to so provide. [Citation omitted.] However, there is no requirement that the remedies be cumulative. See *People v. Briggs* (114 N. Y. 56) where the statute made its violation a misdemeanor and also provided for a civil penalty." 48 Misc. at 142.

The New York court held that Carolla's acquittal under Section 692f-1.0 (subd. f, par. a), requiring proof beyond a reasonable doubt, did not bar a civil action under Section 692f-1.0 (subd. f, par. b), requiring only a fair preponderance of the evidence. 48 Misc. 2d at 142.

Radke points to the fact that other jurisdictions have held that the term "in addition to" does not mean "in lieu of." Radke's argument is that the absence of "in the alternative" or "in lieu of" language shows the legislature intended that a criminal conviction serve as a prerequisite to a civil penalty. Radke emphasizes that both K.S.A. 65-34,109 and K.S.A. 65-34,113(a) are penal in nature,

and, therefore, this court must construe them strictly against the State and in favor of the accused. See *State v. Schlein*, 253 Kan. 205, 209, 854 P.2d 296 (1993).

Our rules of statutory construction are longstanding and often repeated. We look to the plain language of the statute and the overall purpose of the Kansas Storage Tank Act (KSTA), K.S.A. 65-34,100 *et seq.*, to detect the legislative intent behind K.S.A. 65-34,109 and 65-34,113. The KSTA was introduced by the Senate Committee on Ways and Means on April 26, 1989, and was passed on April 27, 1989, with no documented discussion. Therefore, this court is without documented legislative history on which to draw. Additionally, there is no case law interpreting either of these two statutes.

Of significance is a similarly worded statute, K.S.A. 82a-1216. K.S.A. 82a-1216(a) states: "Any person who violates any provision of the Kansas groundwater exploration and protection act, any rules and regulations adopted thereunder or any order issued by the secretary thereunder *shall incur in addition to other penalties provided by law*, a civil penalty not to exceed $5,000 for each violation." (Emphasis added.) This statute refers to K.S.A. 82a-1214, which makes it a class B misdemeanor to willfully violate any lawful rule or regulation relating to water wells. However, the procedural applicability of assessing a civil penalty before a criminal conviction has not been adjudicated under K.S.A. 82a-1216.

The purposes of the KSTA are to "preserve, protect and maintain the waters and other natural resources of this state, and . . . to provide for the prompt investigation and cleanup of sites contaminated by a release from a storage tank." K.S.A. 65-34,105.

By changing K.S.A. 65-34,109(a) to a strict liability crime, the legislature lessened the burden on KDHE to establish, beyond a reasonable doubt, that an accused violated K.S.A. 65-34,109. The legislative history is silent as to why K.S.A. 65-34,109(a) was changed to a strict liability crime. However, it is clear that the Kansas Legislature chose to make it easier to prosecute crimes included in K.S.A. 65-34,109(a) and broadened the class of persons who could be convicted under K.S.A. 65-34,109(a).

In 1989, the Kansas Legislature enacted the KSTA, authorizing the use of environmental plans and programs relating to storage tanks. L. 1989, ch. 186, § 1. In 1984, the federal government enacted the Hazardous and Solid Waste Amendments, requiring the Environmental Protection Agency to promulgate rules and regulations governing underground storage tanks containing petroleum and other hazardous materials. See 42 U.S.C. § 6991 *et seq.* (1994).

One interpretation of the applicable federal law is that civil penalties are the preferred or presumptive penalty to be imposed. Under this theory, K.S.A. 65-34,113(a) should be interpreted in a way that is consistent with a preference toward imposing civil penalties rather than imposing criminal penalties.

KDHE complains that if the district court's interpretation of K.S.A. 65-34,113(a) is adopted, double jeopardy would prevent KDHE from ever assessing civil penalties against violators of K.S.A. 65-34,109.

A case which illustrates the authority to charge and convict a defendant of a criminal offense and then subsequently assess civil penalties for the same offense is *Helvering v. Mitchell*, 303 U.S. 391, 82 L. Ed 917, 58 S. Ct. 630 (1938). KDHE relies on *Helvering* to support its proposition that 65-34,113(a) imposes a civil penalty and, therefore, requires a lower burden of proof than 65-34,109. KDHE argues that 65-34,113(a) must have a lower burden of proof to withstand double jeopardy or res judicata effects. K.S.A. 65-34,113(a) appears to have a lower burden of proof. However, if a conviction is always a prerequisite to K.S.A. 65-34,113, then a party acquitted on a reasonable doubt standard of proof could never be tried under a clear and convincing evidence standard of proof.

In *Helvering*, the United States Supreme Court held:

"The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of *res judicata*. The acquittal was 'merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' [Citation omitted.] It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled. [Citations omitted.]" 303 U.S. at 397.

Here, if we adopted the district court's interpretation of K.S.A. 65-34,113(a), an acquittal under K.S.A. 65-34,109 would always be a bar to assessing a civil penalty. However, a conviction under K.S.A. 65-34,109 would allow KDHE to bring a civil action under K.S.A. 65-34,113(a) against the defendant. Therefore, double jeopardy would not prevent the application of K.S.A. 65-34,113(a) against an acquitted defendant; however, the result would be the same.

Radke complains that KDHE can use K.S.A. 65-34,113(a) to impose a harsher penalty fine than it could under K.S.A. 65-34,109. Under K.S.A. 65-34,113(a), KDHE can impose a fine, not to exceed $10,000 per day, by merely meeting a clear and convincing evidence standard of proof. Under K.S.A. 65-34,109, KDHE would have to meet a beyond a reasonable doubt standard of proof to obtain a maximum $2,500 fine. Therefore, Radke complains that it is always in KDHE's best interest to impose K.S.A. 65-34,113(a). The potential problems are: (1) Defendants are being denied their constitutional protections under the law, and (2) K.S.A. 65-34,109(b) may become surplusage.

Radke makes a valid argument as to the imposition of fines. However, the simple fact that K.S.A. 65-34,109(b) provides that a penalty of confinement may be imposed prevents this statute from becoming surplusage. See K.S.A. 1996 Supp. 21-4502(a); K.S.A. 65-34,109(b).

KDHE's argument that the district court lacked jurisdiction to hear this appeal is based on the fact that the district court stated in its oral ruling from the bench that it lacked jurisdiction to hear the appeal. However, KDHE fails to note that the district court clarified or corrected itself in the journal entry.

Here, the parties do not dispute the fact that Radke exhausted all of his administrative remedies and filed a timely notice of appeal to the district court. Moreover, there has been no evidence presented to this court that would suggest that the district court did not have jurisdiction to hear Radke's appeal.

One could reasonably interpret the district court's statement that it lacked jurisdiction to hear the appeal as a statement that it lacked jurisdiction to hear the *merits* of the appeal. This interpretation is

supported by: (1) The district court raised KDHE's lack of jurisdiction on its own motion, and it was not originally part of Radke's appeal; (2) the district court did not dismiss the case upon finding that it lacked jurisdiction, rather the district court voided KDHE's order; and (3) the district court clearly stated that it did have jurisdiction to hear Radke's appeal in the journal entry.

The district court's findings of fact and conclusions of law set forth in the journal entry control over the original oral pronouncement. K.S.A. 60-258 states: "No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court." Under K.S.A. 60-258, the journal entry filed with the clerk of the court is the effective judgment rather than the district court's oral pronouncement. Therefore, KDHE should have requested the district court to enter a nunc pro tunc order to conform the journal entry to the district court's oral pronouncement. However, KDHE has not done this, nor has it argued on appeal that the journal entry is invalid. Moreover, KDHE is limited by its notice of appeal filed in this case.

KDHE's notice of appeal states:

"Notice is hereby given that the Kansas Department of Health and Environment and James J. O'Connell as Secretary of the Kansas Department of Health and Environment, pursuant to Supreme Court Rule 2.02, *appeals from the Journal Entry* of the district court of McPherson County, Kansas, to the Court of Appeals of the State of Kansas." (Emphasis added.)

This notice of appeal could be read to limit the judicial review of the district court's decisions to those put forth in its journal entry. In the journal entry, the district court clearly states that it had jurisdiction to hear this case. Neither party has presented any evidence, nor does the record reveal, that the district court was in fact without jurisdiction. Therefore, KDHE's reliance upon the district court's oral pronouncement stating that it was without jurisdiction to hear this appeal is without merit.

The district court did not hear any evidence or make any factual findings as to KDHE's final order. KDHE's final order was voided solely on the issue of lack of jurisdiction. Therefore, this issue is not ripe for appeal.

Reversed and remanded for a hearing on the merits of Radke's appeal of the administrative order for violating K.S.A. 65-34,109.