(221 P.3d 1157)
No. 100,831

DAVID STEED and JANICE STEED, *Appellants/Cross-appellees*, v. McPHERSON AREA SOLID WASTE UTILITY and JUSTIN L. GUNTER-NELSON, *Appellees/Cross-appellants*.

Opinion filed January 8, 2010.

*Kristi L. Pittman* and *Mark E. Kelly*, of Withers, Brant, Igoe & Mullennix, P.C., of Liberty, Missouri, for appellants/cross-appellees.

*Marc A. Powell* and *Michael L. Baumberger*, of Powell, Brewer & Reddick, L.L.P., of Wichita, for appellees/cross-appellants.

Before GREENE, P.J., MALONE, J., and KNUDSON, S.J.

MALONE, J.: David and Janice Steed appeal the district court's decision granting summary judgment to McPherson Area Solid Waste Utility (the Utility) on the ground that the district court lacked subject matter jurisdiction over the Steeds' claims. The Utility cross-appeals, arguing that the district court erred in finding that the Steeds substantially complied with the notice filing requirements of K.S.A. 2008 Supp. 12-105b(d). For the reasons set forth herein, we reverse the district court's grant of summary judgment and remand for further proceedings.

On January 6, 2005, David Steed was involved in a motor vehicle accident with a garbage truck owned by the Utility and operated by its employee Justin L. Gunter-Nelson. The underlying facts of the accident are not relevant to this appeal. However, the Utility has not contested Gunter-Nelson's status as an employee at the time of the accident.

Acting under the belief that the Utility was a municipality as defined in the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*, the Steeds determined that, under K.S.A. 2008 Supp. 12-105b(d), they were required to file a notice of their claim with the Utility prior to filing a lawsuit. See K.S.A. 75-6102(b). To this end, the Steeds attempted to determine upon whom to serve the notice. According to an affidavit filed by the Steeds' counsel, he confirmed that individual members of the Utility's board of directors (Board) did not have offices at the Utility's main facility. The affidavit further stated that counsel had been informed by a manager at the Utility's main facility that, although the Utility did not have a designated clerk, its office manager, Mary Pywell, served in that role on a practical basis and that she would be the appropriate person on whom to serve the notice. Pywell's official title at the Utility was office personnel and finance manager. Pywell is a CPA and her responsibilities at the Utility included "accounting, general ledger upkeep, and reporting." Pywell was also responsible for human resources at the Utility.

The Steeds filed the notice of claim with Pywell on December 27, 2006. Upon receipt of the notice, Pywell forwarded the claim to William Ridge, the Utility's general manager. Ridge informed the Utility's attorney and liability insurer about the claim. Ridge stated that he informed the Utility's Board of the claim "probably . . . within the next day" after Pywell forwarded the notice to him. At a subsequent meeting of the Board, Ridge told the Board that it did not need to take any immediate action on the claim because it was being handled by the insurer.

On January 2, 2007, the Steeds filed a petition against the Utility and Gunter-Nelson in McPherson County District Court, alleging negligence, respondeat superior, and loss of consortium. At this point, the Steeds had received no response from the Utility re-

garding their claim, nor had the 120-day presumptive notice period expired as required by the statute. Nevertheless, the Steeds filed the petition as a precaution because the 2-year statute of limitations on their negligence claim was set to expire on January 6, 2007. The Utility filed its answer on February 5, 2007. The answer asserted that the Steeds had failed to substantially comply with the notice filing requirements of K.S.A. 2008 Supp. 12-105b(d) because the notice was not served on the Utility's "clerk or governing body" as required by the statute.

The Utility took no action on the Steeds' claim, and the 120-day notice period expired on April 27, 2007. In an attempt to comply with the statutory requirement that a lawsuit cannot be commenced until the claim is denied or the notice period expires, the Steeds sought an agreement with the Utility to file an amended petition. To that end, the Steeds' counsel sent a May 1, 2007, letter to the Utility's counsel that stated in part:

"The next issue is the need to refile suit now that the 120 days have expired under K.S.A. 12-105b(d). Under Subsection (d), we have 90 days after the claim has been deemed denied to file suit. The 120 days expired last Friday, April 27, 2007 and, therefore, we now have 90 days to refile the suit. In the alternative, we can agree to move forward with the suit as it is filed if your client is willing to waive that period. *Otherwise, we want to immediately refile the suit and move forward.*" (Emphasis added.)

The Utility's counsel responded to the letter from the Steeds' counsel by email dated May 4, 2007:

"This is to confirm the expert deadlines are informally extended by agreement: July 30 for plaintiff and August 30 for defendant. As discussed, the filing of an amended petition will not be contested under 12-105b's deadline for filing suit after the 120 day waiting period has passed.

"We do contest the notice issue under 12-105b. See attached letter."

The attached letter referenced in the email dealt exclusively with the issue of whether the Steeds substantially complied with the requirement that notice be filed with the "clerk or governing body" of the Utility by filing their notice with Pywell.

The Steeds subsequently filed a motion for leave of court to file an amended petition. On June 1, 2007, the district court granted the motion, noting that "no protest or contest of the Motion has

been filed by the Defendants." The Steeds filed their amended petition on June 21, 2007. In its answer, the Utility again asserted that the Steeds had failed to substantially comply with the notice filing requirements of K.S.A. 2008 Supp. 12-105b(d) because the notice was not served on the Utility's clerk or governing body as required by statute. The Utility did not raise an affirmative defense that the lawsuit filed on January 2, 2007, had been prematurely commenced.

The Utility filed a motion for summary judgment on October 10, 2007. The Utility's supporting memorandum primarily argued that the Steeds had failed to substantially comply with the notice filing requirements of K.S.A. 2008 Supp. 12-105b(d) because the notice was not served on the Utility's clerk or governing body as required by the statute. The memorandum also briefly argued for the first time that the Steeds' lawsuit was untimely. Citing the statutory language that "no action shall be commenced" until the claim has been denied or 120 days has elapsed, the Utility argued that the Steeds' lawsuit was premature because the original petition was filed 6 days after the notice was served and before the claim had been denied.

In response to the Utility's summary judgment motion, the Steeds argued that service of the notice of claim on Pywell constituted substantial compliance with K.S.A. 2008 Supp. 12-105b(d) because she served as the Utility's de facto clerk. The Steeds' response to the summary judgment motion did not address the Utility's argument that their lawsuit had been prematurely filed.

The district court held a hearing on the summary judgment motion on December 5, 2007. At the hearing, the district court noted that the Steeds had failed to address the timeliness issue in their response to the summary judgment motion, but the district court allowed oral argument on the issue. The Steeds argued that summary judgment was not appropriate on the timeliness issue for two reasons. First, the Steeds contended that the amended petition filed after the expiration of the notice period cured any defect in the original premature petition. Second, the Steeds argued that they would have dismissed and refiled their lawsuit except for the

apparent agreement with the Utility that it would not challenge the timeliness of the action.

Ruling from the bench, the district court first addressed the issue of whether service of the notice of claim on Pywell substantially complied with the statute. The district court found that, although the Utility had no officially designated clerk, Pywell acted as the Utility's clerk and that the Steeds had been informed by the Utility's management that Pywell was the appropriate person to serve with the notice. As a result, the district court found that the Steeds substantially complied with the notice filing requirement by serving notice on Pywell and denied the Utility's motion for summary judgment on this issue.

The district court then addressed the issue of the Steeds' premature original petition. The district court found that although the email from the Utility's counsel to the Steeds' counsel concerning the amended petition was ambiguous, "[i]t is not clear to me that this letter waives [the] right" to challenge the timeliness of the initial petition. The district court then granted the Utility summary judgment on this issue for two reasons. First, the district court ruled that the Steeds had failed to respond to the timeliness argument and that "[a] mechanical application of [Rule 141] says if an issue is filed, not responded to, there is an entitlement to judgment." But the district court added that it did not want to decide the case based on a mechanical application of the rule. Second, the district court found that the original petition was prematurely filed. The district court noted that under K.S.A. 2008 Supp. 12-105b(d), no action shall be commenced until the claim has been denied or 120 days has elapsed. The district court found that the Steeds' original petition failed to comply with this requirement because it was filed within 6 days of the notice being served and before the claim had been denied. The district court did not address the Steeds' argument that the amended petition cured the defective original petition.

The district court's journal entry granting summary judgment differed somewhat from its ruling from the bench on the timeliness issue. The journal entry reflected the district court's finding that the Steeds' original petition was prematurely filed. However, the

journal entry did not include any finding that the Steeds had failed to respond to the timeliness issue as a basis for granting summary judgment.

The Steeds filed a motion for the district court to reconsider its decision granting summary judgment. The motion argued that any defect in the timeliness of the original petition should have been raised as an affirmative defense in the Utility's answer. The motion further argued that the Steeds' amended petition was timely filed and cured any defect in the original petition. The Utility also filed a motion to reconsider the district court's finding that the Steeds substantially complied with the statutory notice filing requirements by serving notice on Pywell. After a hearing, the district court denied the Steeds' motion for reconsideration, specifically finding that it lacked subject matter jurisdiction over the Steeds' claims. The district court also denied the Utility's motion for reconsideration as moot. The Steeds filed a timely appeal, and the Utility filed a timely cross-appeal.

On appeal, the Steeds argue that the district court erred in finding that it lacked subject matter jurisdiction over their claims due to the Steeds' premature petition. The Steeds contend that any jurisdictional defect caused by the original petition was cured by their amended petition. In its cross-appeal, the Utility argues that the district court erred in finding that the Steeds substantially complied with the notice filing requirements of K.S.A. 2008 Supp. 12-105b(d) by serving notice on Pywell. The Utility claims that the district court erred in finding that Pywell served as a clerk of the Utility for the purpose of receiving the notice of claim.

### Cross-appeal

We will address the Utility's cross-appeal first because, if the Utility is correct that the Steeds failed to substantially comply with the notice filing requirements of K.S.A. 2008 Supp. 12-105b(d), then the issues raised by the Steeds in their appeal are rendered moot. Both parties agree that the Utility's cross-appeal presents an issue of statutory interpretation and appellate review is de novo. See *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 871, 127 P.3d 319 (2006).

K.S.A. 2008 Supp. 12-105b(d) states in part as follows:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice *shall be filed with the clerk or governing body of the municipality* . . . . In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action." (Emphasis added.)

K.S.A. 2008 Supp. 12-105b(d) dictates that the written notice of a claim against a municipality "shall be filed with the clerk or governing body of the municipality." The issue in this case is whether service of the Steeds' notice of claim on Pywell constituted service on the Utility's clerk as required by the statute. The term "clerk" is not defined in the statute or elsewhere in the KTCA. The statute allows that "[i]n the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim." K.S.A. 2008 Supp. 12-105b(d). The term "substantial compliance" is not defined in K.S.A. 2008 Supp. 12-105b(d). However, the term has been defined by case law as meaning:

" ' " 'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.' " ' [Citation omitted.] The objective of the statute is to 'advise the proper municipality . . . of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained.' [Citation omitted.]" *Myers*, 280 Kan. at 874.

Here, the district court found that the Steeds substantially complied with the requirement that the notice of claim be filed with the clerk or governing body of the municipality by serving Pywell

with the notice. The district court determined that the Utility's Board did not have offices at the Utility's main facility. The district court also determined that although the Utility did not have an expressly designated clerk, the Utility had informed the Steeds that Pywell served in the role of clerk and that Pywell did, in fact, perform duties consistent with that of a clerk. Finally, the district court determined that the Board acquired actual notice of the Steeds' claims through service of the notice on Pywell.

We place limited weight on the district court's finding that Steeds' counsel had been informed by a manager at the Utility's main facility that Pywell would be the appropriate party on whom to serve the notice. In *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 116-19, 991 P.2d 889 (1999), the claimant was preparing to file a retaliatory discharge claim against the Kansas Turnpike Authority (KTA). Claimant's counsel was unsure as to whether the KTA was a municipality under the KTCA, so he called KTA's general counsel and asked for the identity of KTA's clerk for the purpose of serving a notice of claim. KTA's counsel identified the clerk and also asked that a copy of the notice be sent to him. Claimant's counsel filed the notice of claim with KTA by serving the identified clerk. KTA did not respond to the claim. In the meantime, the statute of limitations expired during the 120-day notice period. After the lawsuit was filed, the KTA filed a motion to dismiss based on the statute of limitations. The district court dismissed the lawsuit, finding that KTA was not a municipality that required a notice of claim under K.S.A. 12-105b(d) and that the tolling provision of the statute did not apply. 268 Kan. at 111-12.

On appeal, the claimant argued that KTA should be equitably estopped from claiming that it was not a municipality. The claimant argued that KTA's counsel had a duty to dispel claimant's incorrect assertion that KTA was a municipality. Our Supreme Court disagreed, finding that the claimant did not rightfully rely on KTA's silence or the response by its counsel. The court found that "[t]he attorneys for each side are responsible for their respective clients for researching the law and drawing their own conclusions regarding the applicability of the notice statute." 268 Kan. at 118.

Returning to our case, the district court also found that Pywell performed duties consistent with that of a clerk. However, the Utility argues that Pywell should not be considered a "clerk" because she did not in fact serve in a role consistent with that of a clerk. The Utility claims that Pywell's roles as personnel and finance manager did not give her authority to be clerk. The Utility argues that because Pywell was not the officially designated clerk, the Steeds were required to serve the notice of claim on the Board, which is the Utility's governing body.

As previously noted, the term "clerk" is not defined in the statute. However, as defined in Black's Law Dictionary, a clerk is a "public official whose duties include keeping records or accounts." Black's Law Dictionary 288 (9th ed. 2009). According to Webster's, a clerk is "[a] person who performs such office tasks as keeping records, handling correspondence, or filing." Webster's II New College Dictionary 209 (2001). It appears that Pywell acted as the Utility's clerk under the plain meaning of the term. Pywell's responsibilities included record keeping and accounts. Assuming that Pywell served as the Utility's de facto clerk, then the Steeds complied with the letter of K.S.A. 2008 Supp. 12-105b(d) by serving its notice of claim upon Pywell. However, even if the Steeds failed to comply with the express language of the statute, then the question becomes whether service of the notice on Pywell constituted substantial compliance with the statute.

The Steeds cite *Orr v. Heiman*, 270 Kan. 109, 114-15, 12 P.3d 387 (2000), to support their argument that service of the notice on Pywell constituted substantial compliance with K.S.A. 2008 Supp. 12-105b(d). In *Orr*, the court upheld service on a school superintendent as being in substantial compliance with the statute. The court determined that although the superintendent was neither the clerk nor the governing body of the school district, the superintendent was statutorily recognized to have "charge and control" of the public schools. 270 Kan. at 114-15. Here, Pywell was the Utility's designated office personnel and finance manager, but the evidence falls short of establishing that she had charge and control of the Utility.

The Utility cites *Myers* to support its claim that the Steeds failed to substantially comply with K.S.A. 2008 Supp. 12-105b(d) by serving the notice of claim on Pywell. In *Myers*, the claimant served a notice of claim for wrongful termination on the county counselor. The county counselor forwarded the claim to the county's governing body, the Board of County Commissioners, thus providing the body with actual notice of the claim. The county investigated and denied the claim, and the claimant subsequently filed a lawsuit. The county argued in a motion for summary judgment that this service was ineffective because the county counselor was neither the county clerk nor the county's governing body. The district court agreed and granted summary judgment in favor of the county. 280 Kan. at 870.

On review, the Kansas Supreme Court affirmed the district court's judgment. The court determined that if it allowed service of the notice on the county counselor to constitute substantial compliance with the statute, it "would establish a new, judicially created method of serving notice beyond the methods established by the legislature." 280 Kan. at 875; see also *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 383, 988 P.2d 263 (1999) (service of notice on county counselor does not substantially comply with statutory requirement that claim be filed with the county clerk).

*Myers* is distinguishable from the present facts. Clearly the service of a notice of claim on a county counselor is not the same as service upon a clerk or the governing body as is required by the statute. Other cases cited by the Utility to demonstrate the limits of substantial compliance involve service on a municipality's attorney. Here, Pywell served in the role of office personnel and finance manager; she was not the Utility's legal counsel.

In the end, the cases relied on by both parties are factually distinguishable from the present case. However, this court has consistently held that "[t]he purpose of the statutory notice requirement is to sufficiently advise the proper municipality of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained." *Southwestern Bell Tel. Co. v. Board of Lyon County Comm'rs,* 41 Kan.

App. 2d 346, 349, 202 P.3d 54 (2009). Here, it is undisputed that the Utility was provided with actual notice of the Steeds' claim. The Utility has never alleged that the notice was insufficient to advise the Utility of the time and place of the injury and to give the Utility an opportunity to ascertain the character and extent of the injury sustained by the Steeds. Thus, by serving Pywell with the notice of claim, the Steeds complied "in respect to the essential matters necessary to assure every reasonable objective of the statute." *Myers,* 280 Kan. at 874.

Based on these facts, along with the appearance that Pywell served in a role consistent with that of a clerk, we conclude that the Steeds substantially complied with K.S.A. 2008 Supp. 12-105b(d) by serving its notice of claim upon Pywell. Accordingly, we conclude the district court properly denied the Utility's motion for summary judgment on this issue.

## Steeds' Appeal

We will now turn to the Steeds' appeal of the district court's decision granting summary judgment on the ground that the court lacked subject matter jurisdiction over the Steeds' claims. The Steeds argue that the district court erred in finding that it lacked jurisdiction over their original petition and further contend that any jurisdictional defect caused by the original petition was cured by the amended petition.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The district court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, the same rules apply; summary judgment must be denied if reasonable minds could differ as to the conclusions drawn

from the evidence. *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 32, 200 P.3d 419 (2009).

Resolution of the issues in this case requires this court to interpret K.S.A. 2008 Supp. 12-105b(d). Interpretation of a statute is a question of law over which an appellate court has unlimited review. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009). Furthermore, whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Harsch v. Miller*, 288 Kan. 280, 286, 200 P.3d 467 (2009).

### Procedural issues

Both parties raise preliminary procedural arguments that the other's substantive arguments are not properly before this court. First, the Utility claims that the Steeds failed to address the issue of the original petition's timeliness in their response to the summary judgment motion and that the Steeds therefore waived any such argument in district court and on appeal. The Utility asserts that the district court granted summary judgment on the timeliness issue in part because the Steeds violated Kansas Supreme Court Rule 141 (2009 Kan. Ct. R. Annot. 225) and K.S.A. 2008 Supp. 60-256. Indeed, the district court stated from the bench that its first basis for granting summary judgment on the timeliness issue was the Steeds' failure to address the issue in the summary judgment pleadings.

However, the district court's journal entry contained no finding that the Steeds violated Rule 141 or K.S.A. 2008 Supp. 60-256 as a basis for granting summary judgment. In the journal entry, the district court granted summary judgment solely on the basis that the Steeds' lawsuit was prematurely filed. In a civil action, a district court's journal entry of judgment controls over a prior oral pronouncement from the bench. *Radke Oil Co. v. Kansas Dept. of Health & Environment*, 23 Kan. App. 2d 774, 782, 936 P.2d 286 (1997) (citing K.S.A. 60-258). Because the journal entry of judgment controls and the journal entry made no mention of the Steeds' failure to comply with Rule 141, the Utility's contention

that the district court granted summary judgment on this basis is incorrect.

More importantly, however, we disagree that the Utility was entitled to summary judgment on the basis that the Steeds violated Rule 141 and K.S.A. 2008 Supp. 60-256. In this case, the Utility filed a motion for summary judgment on October 10, 2007, including a memorandum in support of the motion. Pursuant to Rule 141(a), the Utility's memorandum set forth 17 separately numbered paragraphs of uncontroverted contentions of fact. The Steeds filed a written response to the Utility's summary judgment motion. Pursuant to Rule 141(b), the Steeds' memorandum set forth 17 separately numbered paragraphs corresponding to the Utility's paragraphs and either admitted or denied each of the Utility's factual contentions. Also, the Steeds' memorandum set forth 14 additional statements of uncontroverted facts as permitted by Rule 141(b).

Pursuant to Rule 141, if a party opposing summary judgment fails to adequately oppose the moving party's uncontroverted contentions of facts, then *such facts* shall be deemed admitted for purposes of the summary judgment motion. However, there is no express provision in either Rule 141 or in K.S.A. 2008 Supp. 60-256 that provides that a party waives a *legal argument* by failing to address an issue in the summary judgment pleadings. Although it is correct that the Steeds' memorandum failed to address the Utility's legal argument that the lawsuit was untimely, the district court allowed oral argument on this issue at the hearing. We conclude the district court did not abuse its discretion by allowing the Steeds to argue the timeliness issue at the summary judgment hearing. Because the Steeds did not waive argument on the issue in district court, they have not waived the issue on appeal.

Next, the Steeds argue that the Utility should have been precluded from challenging the timeliness of their petition because the Utility failed to raise the issue as an affirmative defense in its answer. The Steeds claim that the 120-day notice period under K.S.A. 2008 Supp. 12-105b(d) should be characterized as a statute of limitation rather than a jurisdictional requirement. The Steeds argue that by failing to raise the timeliness issue in its answer, the

Utility waived the defense and should not have been allowed to raise the issue in its summary judgment motion.

The Steeds' argument has been rejected by this court in *Christopher v. State*, 36 Kan. App. 2d 697, 143 P.3d 685 (2006). In *Christopher*, the plaintiff sued the State of Kansas for injuries he received while participating in an educational activity as a resident at a juvenile justice facility. The plaintiff failed to file a notice of claim pursuant to K.S.A. 12-105b(d) prior to filing his lawsuit, and the case was dismissed for that reason. On appeal, the plaintiff argued that the defendant was obligated to raise the issue as an affirmative defense in its answer. The Court of Appeals disagreed and determined that compliance with K.S.A. 12-105b(d) was a jurisdictional prerequisite to commencing a lawsuit rather than an affirmative defense that could be waived by the parties. 36 Kan. App. 2d at 703-04; see also *Gessner v. Phillips County Comm'rs*, 270 Kan. 78, Syl. ¶ 1, 11 P.3d 1131 (2000) (compliance with K.S.A. 12-105b[d] is a jurisdictional prerequisite to commencing a lawsuit). Based on *Christopher*, we conclude the Utility did not waive the timeliness issue by failing to raise the issue as an affirmative defense in its answer.

*Did the district court have subject matter jurisdiction?*

Having rejected both parties' procedural arguments, we finally arrive at the dispositive issue in the Steeds' appeal, *i.e.*, whether the district court had subject matter jurisdiction over the Steeds' claims. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Harsch*, 288 Kan. at 286.

K.S.A. 2008 Supp. 12-105b(d) states explicitly that "[o]nce notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first." As we have previously indicated, compliance with the statutory requirements is jurisdictional. *Christopher*, 36 Kan. App. 2d at 703-04. Here, the Steeds' original petition was filed on January 2, 2007, only 6 days after they filed their notice of claim with the Utility and before the

claim was denied. Thus, under the plain language of the statute, the district court properly found that the original petition was premature and that the court lacked subject matter jurisdiction over the original petition.

However, the Steeds claim that the amended petition filed on June 21, 2007, cured the defect caused by their premature original petition. In response, the Utility argues that an action can only be "commenced" once, and that the Steeds' action was commenced prematurely. The Utility argues that because the Steeds' amended petition relates back to the defective original petition, the amended petition cannot cure the defect in the original petition. The district court made no ruling on the effect of the amended petition on the timeliness of the Steeds' claims.

The parties do not contest that the Steeds' amended petition was filed within the applicable statute of limitations. Under K.S.A. 2008 Supp. 12-105b(d), the statute of limitations is tolled for up to 90 days following the municipality's denial of a claim or the expiration of the 120-day notice period to allow the claimant to commence a civil action. Here, the Steeds filed their notice of claim on December 27, 2006, prior to the expiration of the 2-year statute of limitations on their negligence claim. The Utility took no action on the claim, and the 120-day notice period expired on April 27, 2007. Ignoring their initial petition, the Steeds had 90 days from this date to commence their action. The Steeds filed their amended petition on June 21, 2007, less than 60 days after the notice period expired. Thus, the Steeds' amended petition was timely.

The question thus becomes whether the Steeds' timely amended petition cures the defect caused by their premature original petition. In arguing that it does, the Steeds cite *Thompson v. Meyers*, 211 Kan. 26, 505 P.2d 680 (1973). *Thompson* involved a dispute over a real estate investment contract. Under the contract, the plaintiff was due a return payment on his investment 3 years after the execution of a real estate deed. The deed was executed on September 19, 1966; therefore, the payment was due to the plaintiff on September 19, 1969. The plaintiff initially filed a lawsuit prematurely on June 12, 1969, but the plaintiff filed a timely amended petition on December 9, 1969. 211 Kan. at 33.

On appeal, the defendants raised a defense that the plaintiff's petition had been filed prematurely. Although noting that the defendants had not raised the issue in district court, the Supreme Court addressed the issue and determined "[w]here an action has been commenced prematurely, the defect may be cured by filing an amended or supplemental petition after the cause of action has accrued, unless the amended petition changes the cause of action." 211 Kan. 26, Syl. ¶ 8; see also *Hospital Co. v. Philippi*, 82 Kan. 64, Syl. 3, 107 Pac. 530 (1910) (objection that an action was prematurely brought becomes immaterial when an amended or supplemental petition is filed).

Here, the Steeds' amended petition on June 21, 2007, contained the identical claims as were contained in the original petition filed on January 2, 2007. *Thompson* supports the Steeds' argument that their timely amended petition cured the defect of their original premature petition. Because it is clear that the Steeds could have dismissed and refiled their cause of action against the Utility on June 21, 2007, it makes no sense that the Steeds could not achieve the same result by filing an amended petition.

More importantly, however, because the district court lacked subject matter jurisdiction over the Steeds' original petition due to their failure to comply with K.S.A. 2008 Supp. 12-105b(d), the Steeds' original petition was a nullity and was void *ab initio*. See *Christopher*, 36 Kan. App. 2d at 704. The Utility is correct in asserting that an action can only be commenced once. Here, the Steeds' action was not properly commenced until the filing of the amended petition on June 21, 2007. Because the amended petition satisfied the jurisdictional requirements of K.S.A. 2008 Supp. 12-105b(d), the district court erred in finding that it did not have jurisdiction over the Steeds' claims contained therein. Accordingly, we conclude the district court erred by granting summary judgment to the Utility on this basis.

Reversed and remanded.