NOT DESIGNATED FOR PUBLICATION

No. 128,534

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

LINDSAY JEAN PALLESI,
*Appellant.*


MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, C.J., ATCHESON and CLINE, JJ.


PER CURIAM: Defendant Lindsay Jean Pallesi contends the McPherson County District Court failed to make a sufficient factual finding that she used a deadly weapon when she committed an aggravated battery of a law enforcement officer, so she should be relieved of any obligation to register and report as a violent offender under the Kansas Offender Registration Act (KORA), 22-4901 et seq. The district court included the finding in an amended journal entry of judgment. That is legally adequate. *State v. Carter*, 311 Kan. 206, 211, 459 P.3d 186 (2020). We, therefore, affirm Pallesi's duty to comply with KORA.

1

The State charged Pallesi with a host of crimes, including aggravated battery of a law enforcement officer and driving under the influence, arising from an extended high-speed motor vehicle chase. Because the details of the incident are irrelevant to the point on appeal, we omit a narrative account of Pallesi's wrongdoing. Under an agreement with the State, Pallesi entered no contest pleas in January 2023 to aggravated battery of a law enforcement officer, DUI, and several other charges. The district court inquired if the aggravated battery charge was "a registration offense [under KORA]." The prosecutor stated it was because Pallesi used a deadly weapon. When asked for a factual basis to support the no contest pleas, the prosecutor referred to the probable cause affidavit. In the affidavit, a McPherson County Sheriff's deputy stated that he saw Pallesi accelerate her motor vehicle in reverse and "intentionally strike" an occupied patrol car.

Later during the plea hearing, the district court asked Pallesi if she understood she would be required to "register as a violent offender." Pallesi responded that she did. Still later in the hearing, the district court went over the requirements for registering and reporting under KORA with Pallesi. But the district court never made an explicit finding in so many words that Pallesi used a deadly weapon—her motor vehicle—while committing aggravated battery of a law enforcement officer.

At a hearing in March 2023, the district court ordered Pallesi to serve 71 months in prison on the aggravated battery conviction, reflecting a standard guidelines sentence to be followed by postrelease supervision for 36 months.

In September 2023, the district court filed an amended journal entry of judgment that included the finding that Pallesi committed the aggravated battery with a deadly weapon. But the amended journal entry failed to reflect that the district court had informed Pallesi about the requirements for registering and reporting under KORA. The appropriate box in the miscellaneous section of the journal entry form was not checked. Pallesi filed a notice of appeal in March 2023. This court granted her motion to docket

2

the appeal late on January 2, 2025. Her docketing statement, perfecting the appeal, was treated as filed upon the entry of our January 2 order.

For her sole issue on appeal, Pallesi challenges her obligation to register and report under KORA. She contends the district court never made a legally sufficient "deadly weapon" finding. But her contention is incorrect. The finding in the amended journal entry was good enough. The Kansas Supreme Court's decision in *Carter* governs and supports that conclusion. There, the district court orally referred to a "dangerous weapon" rather than a "deadly" one in its comments from the bench. In the journal entry of judgment, the district court noted the defendant had used a "deadly weapon." 311 Kan. at 210-11. The *Carter* court held that the deadly weapon finding in the journal entry was adequate to trigger the registration and reporting requirements under KORA. 311 Kan. at 210-11. The court reached the same conclusion in *State v. Marinelli*, 307 Kan. 768, 788-89, 415 P.3d 405 (2018). KORA compliance is not part of a criminal sentence and is civil in nature tied to preserving the public welfare and safety. See *State v. Huey*, 306 Kan. 1005, 1009-10, 399 P.3d 211 (2017). Accordingly, the journal entry controls over any oral pronouncement—or lack of pronouncement—by the district court. *Steed v. McPherson Area Solid Waste Utility*, 43 Kan. App. 2d 75, 87, 221 P.3d 1157 (2010).

Pallesi tries to avert the adverse outcome that authority directs by citing *State v. Thomas*, 307 Kan. 733, 415 P.3d 430 (2018). But *Thomas* is distinguishable and affords Pallesi no relief. There, the district court never made a deadly weapon finding. Thomas appealed, and when the appeal was docketed, the district court lost jurisdiction. On review, the Kansas Supreme Court held that upon affirming Thomas' conviction and sentence, there was no legal basis or vehicle to remand the case for the district court to make the deadly weapon finding. So Thomas could not have been required to comply with KORA. 307 Kan. at 750. Here, we have a materially different procedural posture. The district court made the required finding in the amended journal entry—long before

3

Pallesi docketed her appeal. So the district court had jurisdiction to prepare and file the amended journal entry.

Affirmed.