(202 P.3d 54)
No. 100,678

SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellee*, v. THE BOARD OF COMMISSIONERS OF LYON COUNTY, KANSAS, *Appellant*.

Opinion filed February 27, 2009.

*Toby Crouse, Wendell F. Cowan,* and *James D. Oliver,* of Foulston Siefkin, LLP, of Overland Park, for appellant.

*James T. Lorenzetti, Robert A. Kumin,* and *David D. Backer,* of Robert A. Kumin, P.C., of Mission, for appellee.

Before RULON, C.J., GREENE and HILL, JJ.

GREENE, J.: We granted an interlocutory appeal by the Board of Lyon County Commissioners (County) of the district court's conclusion that a notice of claim substantially complied with K.S.A. 2008 Supp. 12-105b(d), even though the notice listed the claimant as AT&T and the subsequent suit was filed by Southwestern Bell Telephone Company (SWBTC). We agree with the district court that there was substantial compliance with the statute and affirm.

## Factual and Procedural Background

SWBTC alleges that in August 2005, a Lyon County employee struck and damaged certain telephone facilities while operating lawn mowing equipment near Burlingame Road in Emporia. On December 30, 2005, the County received a "bill for damages" on AT&T letterhead for $2,031.33 to "SBC Southwest Region Facilities" designating "claim # SWBT-05-200508-06-0041-BKJ." The bill stated the damages occurred on August 3, 2005, near Burlingame Road in Emporia; the damages occurred when a "county mower ran over [a telephone] pedestal." The bill requested payment to "AT&T" at "One SBC Center" in St. Louis, Missouri.

Apparently, the County failed or refused to honor the bill, so on September 6, 2006, Robert A. Kumin's law office sent a "Notice of Claim Pursuant to KSA 12-105B" to the Lyon County Highway Department designating the claimant as AT&T and specifying all other information identical to the prior bill for damages, including the claim number. Lyon County denied the claim.

On July 23, 2007, SWBTC filed suit against the County for the damages previously specified in the bill and the notice, based on negligence. The County then moved for judgment on the pleadings based on lack of notice as required by K.S.A. 2008 Supp. 12-105b(d). Concluding there had been substantial compliance with the statute, the district court denied this motion, and upon proper application by the County, we then granted an interlocutory appeal.

### *Did the District Court Err in Concluding There Was Substantial Compliance With K.S.A. 2008 Supp. 12-105b(d)?*

The County argues exclusively on appeal there was no substantial compliance with the statute because the formal notice of claim specified the claimant as AT&T rather than SWBTC, the plaintiff in the subsequent lawsuit. It suggests that the misidentification of the claimant caused confusion as to the true identity of the claimant, with potential exposure to multiple claims or payment to the wrong corporate entity. It also argues that separate corporate entities have separate legal identities and that the district court's finding of substantial compliance has done "significant damage to the policy goals" of the statute.

We begin by acknowledging that one of the statutory prerequisites for a notice of claim against a municipality is "the name and address of the claimant." K.S.A. 2008 Supp. 12-105b(d)(1). That statute, however, provides that substantial compliance with its provisions shall constitute valid filing of a claim. The question framed in this appeal is whether the district court erred in finding that the formal notice of claim here substantially complied with this aspect of the statute.

To the extent the district court made findings of fact, we review them for support by substantial competent evidence in the record. *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007). Interpretation and application of statutory law is subject to de novo review. *Cummings v. City of Lakin*, 276 Kan. 858, 861, 80 P.3d 356 (2003).

The district judge explained his ruling from the bench as follows:

"[W]hat I'm going to do in this particular case when I look at the purpose of 12-105b is to give adequate notice and put the company on notice that there is a claim being made against them. I really would be surprised if Southwestern Bell or AT&T [*sic*], whichever was named initially, didn't have that notice in this case. So, I guess, the ruling I'm making is that when I consider *Tucking* [*v. Board of Jefferson Comm'rs*, 14 Kan. App. 2d 442, 796 P.2d 1055, *rev. denied* 246 Kan. 770 (1990),] and the discussion it has about substantial compliance noting that substantial compliance means compliance and respect to the essential matters necessary to assure every reasonable objective of the statute, that's a quote from

page 448 of that decision. I find that there has been substantial compliance in this case . . . ."

The purpose of the statutory notice requirement is to sufficiently advise the proper municipality of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained. *Bell v. Kansas City, Kansas, Housing Authority*, 268 Kan. 208, 210, 992 P.2d 1233 (1999). "Substantial compliance" under Kansas law means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. *Bell*, 268 Kan. at 218 (quoting *City of Lenexa v. City of Olathe*, 233 Kan. 159, 164, 660 P.2d 1368 [1983]). Where the claimant has given to the respondent a clear indication of the claim that would be raised against it, along with information that would allow the respondent to adequately investigate the basis for that claim, the claimant has clearly fulfilled the purpose of the statute. See *Tank v. Chronister*, 941 F. Supp. 969, 975 (D. Kan. 1996) (quoted in *Bell*, 268 Kan. at 218).

The County suggests that substantial compliance should not be measured by determining whether the purpose of the statute has been fulfilled. We disagree. Our Supreme Court has consistently determined substantial compliance by discerning whether there has been "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." See, *e.g., Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 874, 127 P.3d 319 (2006); *Orr v. Heiman*, 270 Kan. 109, 113, 12 P.3d 387 (2000). We apply this criteria in addressing the issue framed here; in other words, we must determine whether there was enough information provided to the County to enable it to understand the claim being asserted and to allow adequate investigation of its basis.

First, we examine the record evidence as to the relationship between AT&T and SWBTC. According to an affidavit submitted in opposition to defendant's motion, SWBTC "is commonly referred to as 'AT&T' and does business under the trade name of 'AT&T', with underlying services provided by the applicable AT&T affiliate." We find no record evidence disputing this assertion, but note that the County persists in suggesting that AT&T, Inc. is a different

entity; this appears to be true, but the latter was never listed or identified as having *any* involvement in this claim. Bottom line: The record corroborates that the entity identified in the formal notice of claim is the *same company* which ultimately brought suit against the County. There was no danger of multiple claimants or exposure to erroneous payment.

Second, we consider the district court's express finding that 7 months before the formal notice was served, the County received the bill for damages to "SBC Southwest Region Facilities." This finding is not challenged on appeal, and we find record evidence to support it. Of material significance is that any reasonable comparison between this bill and the subsequent formal notice would clearly reveal that they were related to the same incident. There is a complete match of claim numbers, date, location, description, and amount claimed. And most importantly, the bill demonstrated that there was no difference between the corporate nomenclatures; the bill is printed on AT&T letterhead and asks for remittance to AT&T, but lists the claim number with a predicate of SWBT, the damaged property as "SBC Southwest Region Facilities," and the address for remittance as "One SBC Center."

Finally, the County has not challenged any other aspect of the formal notice. From our review of the notice, we conclude that it appears to comply with all other statutory prerequisites. In fact, had there been any question about the identity of the claimant, the notice provided no fewer than six different contacts, including phone numbers, e-mail addresses, and postal addresses.

The record fails to suggest that the County was unable to understand this claim or to investigate its basis. After having received both the bill for damages and the formal notice, there can be no question that the purpose of the statute was served by the notice, despite its identification of the claimant as AT&T, the trade name of the corporate claimant.

For all these reasons, we conclude and hold that the district court did not err in refusing to dismiss the action. There was sub-

stantial compliance with K.S.A. 2008 Supp. 12-105b(d), and the action should proceed.

Affirmed and remanded with directions for further proceedings.