NOT DESIGNATED FOR PUBLICATION

No. 124,309

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KURT GARRISON,
*Appellant*,

v.

CITY OF OTTAWA, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Opinion filed August 12, 2022. Affirmed.

*Kurt Garrison*, of Ottawa, appellant pro se.

*Andrew D. Holder*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Overland Park, for appellees.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: This appeal arises from a dispute between Kurt Garrison and the City of Ottawa (City) as to whether a residential garage Garrison was building for clients in Ottawa was in compliance with the City's building and electrical codes. Garrison filed suit, but his suit was dismissed on motion of the defendants. Garrison objected to the draft journal entry prepared by defense counsel that memorialized the ruling on the motion to dismiss, but the district court approved the journal entry without a hearing on Garrison's objections. Garrison then moved for a change of judge, which the court denied. Garrison appeals all three actions by the district court.

1

The parties are well acquainted with the facts leading to this appeal so we need not recount them here in detail. The following brief summary will suffice.

The City had in effect throughout the relevant time period both the International Building Code (IBC) that applied to buildings and structures generally and the International Residential Code (IRC) that applied specifically to single and two-family homes and accessory structures such as garages. The City had also adopted the National Electrical Code (NEC). The City established a Construction Board of Appeals (CBA) "to hear and decide appeals of orders, decisions or determinations made by the Code Inspector(s) relative to the application and interpretation of the [IRC], the [IBC], . . . [and the NEC] presently adopted by the City of Ottawa."

Garrison prepared the building plans and applied for a building permit for the residential garage he was building for clients in Ottawa. He claimed his plans satisfied the IBC. But the City notified Garrison that his building plans must satisfy the IRC, not the IBC, and that the plans the City needed for its review must be "sealed plans" from a licensed Kansas engineer. Ultimately, Garrison submitted a set of plans which the City accepted in part, but not the roof truss plans for the garage which were not sealed by a licensed Kansas engineer. The City issued a building permit, which stated that Garrison had to submit sealed truss plans prior to installation.

When it came time for a rough-in inspection, the City building inspector did not approve the work because (1) there were violations of the NEC and (2) the truss drawings were not sealed by a licensed Kansas engineer. The City notified Garrison to cease the project until the electrical problem was corrected and until Garrison submitted sealed truss plans. Garrison responded with his own cease and desist letter, a draft petition, and a settlement offer regarding his tort claims. The parties were at a standstill. This suit followed.

2

Garrison sued the City and various City officials individually for various counts of "interfer[ing] with and restrain[ing] Garrison's legal occupation" and libel and defamation, seeking relief in the form of damages under the Kansas Tort Claims Act and writs of mandamus and prohibition.

The defendants moved to dismiss, and the district court ultimately granted the motion. The court ruled that Garrison's various tort claims were barred because of his failure to comply with the notice of claim provisions of the Kansas Tort Claims Act by properly serving the notice and by providing the necessary information about the claim in the notice. The court also ruled that Garrison's mandamus claim must be dismissed because Garrison failed to avail himself of the "adequate alternate remedy" of appealing to the CBA.

The district court's ruling was memorialized in a journal entry prepared by defense counsel. Garrison objected under Supreme Court Rule 170 (2022 Kan. S. Ct. R. at 236) to the wording of the draft journal entry. The district court judge approved and filed the journal entry without a hearing on Garrison's objections.

Garrison then moved for a change of judge, and that motion was denied. This appeal followed. We have determined that we have jurisdiction to consider this appeal.

RULING ON MOTION TO DISMISS

*Compliance with K.S.A. 12-105b Notice of Tort Claims*

Garrison argues on appeal that the district court erred in dismissing his tort claims for failure to comply with K.S.A. 12-105b, which sets forth the requirements for giving notice to a municipality before bringing suit against it.

3

The district court dismissed Garrison's tort claims under this statute because (1) Garrison did not properly serve the notice on the clerk or governing body of the municipality, and (2) Garrison's notice did not substantially comply with the requirements of the statute. We have unlimited review over a district court's granting of a motion to dismiss. *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). Whether Garrison substantially complied with K.S.A. 12-105b is a question of law over which we have de novo review. See *Sleeth v. Sedan City Hospital*, 298 Kan. 853, 863, 317 P.3d 782 (2014).

K.S.A. 2021 Supp. 12-105b(d) provides in part:

"Any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim."

"'Substantial compliance' under Kansas law means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Southwestern Bell Tel. Co. v. Board of Comm'rs*, 41 Kan. App. 2d 346, 349, 202 P.3d 54 (2009). Substantial compliance with K.S.A. 12-105b(d) "is a jurisdictional prerequisite to suing a municipality under the [Kansas Tort Claims Act]." *Nash v. Blatchford*, 56 Kan. App. 2d 592, 596, 435 P.3d 562 (2019).

4

*Service of the Notice of Claims was Proper Under K.S.A. 12-105b(d)*

The district court ruled that Garrison's notice was insufficient under K.S.A. 12-105b(d) because he did not address or mail it "directly to the city clerk or mayor." Garrison's notice was addressed to the members of the Ottawa City Commission. The relevant statute—K.S.A. 12-150b(d)—requires notice to be filed with the clerk or the governing body of the municipality. Sending the notice to the clerk or the governing body is the equivalent of filing the notice. Governing body, as defined in K.S.A. 2021 Supp. 12-105a, includes the Ottawa City Commission.

The district court erred by requiring Garrison to comply with K.S.A. 2021 Supp. 60-304(d)(3). When determining whether a person properly serves notice of a claim under K.S.A. 12-105b(d), courts should refer to the plain language of the statute, which requires that the notice be provided to the clerk or governing body of the municipality, not to the language of Chapter 60 which relates to service of process. Garrison was sending the City a notice of claim, not serving it with process—a summons and a copy of the petition. Garrison's notice sent to the Ottawa City Commission substantially complied with the plain language of K.S.A. 12-105b(d).

*The Contents of the Notice of Claims Were Adequate*

The district court also determined that the contents of Garrison's notice to the City of his tort claims did not substantially comply with K.S.A. 12-105b. We disagree.

"The purpose of the statutory notice requirement is to sufficiently advise the proper municipality of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained." *Southwestern Bell*, 41 Kan. App. 2d at 349. A claimant satisfies the statute when "the claimant has given to the respondent a clear indication of the claim that would be raised against it,

5

along with information that would allow the respondent to adequately investigate the basis for that claim." 41 Kan. App. 2d at 349. Here, Garrison included all the information required by K.S.A. 12-105b(d).

First, Garrison provided his name and address, which are listed in his letter to the City Commissioners. Second, Garrison adequately described the factual basis for his claim in a section of his letter entitled "City and Employees Have Acted Unlawfully." He also provided the City with a draft of the petition he planned to file. Third, Garrison included the names of each City employee he believed was involved in the case. He did not provide home addresses, but this information about the City's own employees was otherwise readily available to it. Fourth, Garrison provided a list of claimed injuries. And fifth, he provided a statement of the amount of monetary damages he was requesting by including his settlement offer.

The district court erred in dismissing Garrison's tort claims due to claimed deficiencies in the notice of claim to the City.

*Nevertheless, the Dismissal of Garrison's Tort Claims Was Right, Albeit for the Wrong Reasons*

While the district court erred in dismissing Garrison's tort claims for noncompliance with K.S.A. 12-105b, this does not mean that reversal must follow. See K.S.A. 2021 Supp. 60-261 ("Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Russell v. May*, 306 Kan. 1058, 1081, 400 P.3d 647 (2017) (applying harmless error test in the context of a judgment as a matter of law).

6

Garrison makes two types of claims: (1) claims for restraining him in engaging in his lawful trade or business and (2) claims of libel and defamation. These claims are predicated on either K.S.A. 74-7033, the IBC, or some combination of them.

*Claims Under K.S.A. 74-7033*

With respect to his claims under K.S.A. 74-7033, Garrison argues that this statute prohibits the City from requiring him to submit plans sealed by a licensed professional engineer. If Garrison is incorrect, these claims fail as a matter of law.

The burden of establishing harmless error is on the party benefitting from the error. *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012). Here, the City convincingly explains in its appellate brief why Garrison's claims regarding K.S.A. 74-7033 lack merit. We conclude that in dismissing Garrison's claims based on K.S.A. 74-7033, the district court was right for the wrong reason.

K.S.A. 74-7001(a), which governs technical professions, provides, subject to certain exceptions, that it is unlawful to practice technical professions without a license or certificate of authorization. K.S.A. 74-7033—the lynchpin in Garrison's analysis of his claim that he does not have to provide the City with sealed plans—provides exemptions from licensure or certification in certain situations. It states:

> "The provisions of K.S.A. 74-7001 et seq., and amendments thereto, requiring licensure or the issuance of a certificate of authorization under K.S.A. 74-7036, and amendments thereto, to engage in the practice of engineering shall not be construed to prevent or to affect:
> "(a) Except as provided by subsection (b), the design or erection of any structure or work by a person who owns the structure or work, upon such person's own premises for such person's own use if the structure or work is not to be used for human habitation,

7

is not to serve as a place of employment, and is not to be open to the public for any purpose whatsoever.

"(b) Persons designing or erecting or preparing plans, drawings or specifications for buildings housing no more than two dwelling units in one contiguous structure or for agricultural buildings.

"(c) Persons engaged in planning, drafting and designing of products manufactured for resale to the public.

"(d) The performance of services by a licensed landscape architect in connection with landscape and site planning for the sites, approaches or environment for buildings, structures or facilities." K.S.A. 74-7033.

Garrison asserts that his construction of the garage falls under this statute. We fail to see how it does. But even if it does, we fail to see how that fact precludes the City from requiring a licensed engineer's approval of design plans. The statute only operates to exempt people from the general rule set forth in K.S.A. 74-7001, which would have made Garrison's actions unlawful. The statute says "[t]he provisions of K.S.A. 74-7001 et seq. . . . shall not be construed to prevent or to affect" the conduct identified in the statute. K.S.A. 74-7033. It does not say that other laws that limit the conduct identified in the statute are preempted.

Garrison relies on *State ex rel. Schneider v. City of Kansas City*, 228 Kan. 25, 612 P.2d 578 (1980). There, the City of Kansas City sought to enforce its local building codes on the construction of a new facility at the University of Kansas Medical Center. But state law provided comprehensive building codes which were mandatory in the construction of all school buildings, which included the new Medical Center facility, and which conflicted with the city's local building codes, making it impossible to comply with both. The Supreme Court held that the Legislature's comprehensive state building codes precluded the City from enforcing its local building codes. 228 Kan. at 38.

8

*Schneider* does not apply. Here, we do not have conflicting state and local building codes. There are no comprehensive statewide laws controlling construction of a residential garage. Unlike in *Schneider*, it is possible to comply with both the City's local building codes and the state's statutory scheme for licensing of various technical professionals.

Garrison's tort claims premised on the contention that K.S.A. 74-7033 precluded the City from requiring him to submit plans sealed by a licensed professional engineer lack merit. Accordingly, while the district court dismissed these claims for lack of compliance with the notice provisions of the Kansas Tort Claims Act, it could have—and should have—dismissed these claims because the licensing exemption found in K.S.A. 74-7033 did not preclude the City from enforcing its local building codes. The district court's dismissal of these claims was not error. The court was right but for the wrong reason.

### *Claims Under the IBC*

Garrison also premised a number of his tort claims on his contention that the City erroneously notified Garrison that his building plans must satisfy the IRC, not the IBC.

The City did not err in applying the IRC to Garrison's project. The IRC plainly applies to the construction of "one- and two-family dwellings . . . and their accessory structures." IRC R101.2. The IBC also states that "one- and two- family *dwellings* . . . and their accessory structures shall comply with the *International Residential Code*." IBC 101.2. The garage is an accessory structure as defined by these codes, so it was proper for the City to require Garrison to comply with the IRC.

Garrison argued below that Section 104.11 of the IRC required the City to accept his IBC-compliant plans. He argues that this section makes the IRC and the IBC

9

interchangeable for residential structures. We do not find this to be a reasonable interpretation of the rule. The rule gives the City discretion to accept alternative materials, designs, or methods of construction but does not require it to do so. The district court did not err in dismissing Garrison's claims based on his contention that the IRC did not apply to his project.

*Garrison's Claims for Relief in the Form of Writs of Mandamus or Prohibition for His Claims Based on K.S.A. 74-7033 and the IBC Are Now Moot*

Garrison claims that the district court erred when it held that Garrison's claims for which he sought mandamus relief must be dismissed because "Plaintiff had an adequate alternate remedy to redress his grievances, which Plaintiff did not avail himself of." The "adequate alternative remedy" was an appeal to the CBA. This issue is one over which we have unlimited review. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, Syl. ¶ 1, 172 P.3d 1154 (2007).

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. Mandamus is only appropriate where "there is a clear legal right in the plaintiff" and "a corresponding duty in the defendant." *State v. McDaniels*, 237 Kan. 767, 771, 703 P.2d 789 (1995).

Regardless of whether the CBA had the authority to address Garrison's claims based on K.S.A. 74-7033 because to do so would require the CBA to construe a state statute, we have already determined that K.S.A. 74-7033 did not preempt the City's building codes and did not preclude the City from enforcing them. Thus, with respect to the City's enforcement of its requirement for sealed plans, there is no wrong that needs to be remedied—by mandamus or otherwise.

10

Likewise, we have determined that the IRC—not the IBC—applies to Garrison's project. Because the IBC is the building code that applied to Garrison's project, Garrison's claims based on the application of the IBC fail and he is not entitled to any form of relief.

*Garrison is Not Entitled to Relief in the Form of Writs of Mandamus or Prohibition for His Claims Based on the NEC and His Claims of Defamation*

The district court's dismissal of Garrison's mandamus claims properly included Garrison's claim that the City erred in applying the NEC. Garrison alleged that after conducting a rough-in inspection, the City inspector failed to approve the structure based, in part, on the electrical installation not meeting the NEC. Whether the City inspector properly applied the NEC to Garrison's garage project was clearly an issue that fell within the CBA's wheelhouse. Garrison should have sought relief before the CBA.

Garrison based one of his defamation claims on the allegation that the City "falsely state[d] that the work done by Garrison was not in conformity to local ordinance." Another defamation claim relates to the language in the building permit, which required sealed truss plans before installation. Finally, Garrison also claimed that a letter from the City stating his work on the garage did not conform to the building code was defamatory. These claims, like the others discussed above, relate to interpretation of the local ordinances and were within the power of the CBA to decide. The district court did not err in determining that Garrison should have sought relief from the CBA rather than filing suit.

Garrison also claimed in his petition that "the City is subject to court order compelling mandamus and prohibition for unlawful acts of its officers and employees." The district court failed to address Garrison's claim that he is entitled to relief in the form of a writ of prohibition. A writ of prohibition has been recognized in the past as an

11

extraordinary remedy when a public officer attempts to act beyond his or her legal authority. But we have no provision for a writ of prohibition in our modern code of civil procedure—Chapter 60. Historically, a writ of prohibition—like a writ of mandamus— was inappropriate when a party had an adequate remedy at law. See *Bushman Const. Co. v. Schumacher*, 187 Kan. 359, 362-63, 356 P.2d 869 (1960). Thus, our analysis regarding Garrison's claims for mandamus relief equally apply to bar his attempts to obtain relief through a writ of prohibition, to the extent such extraordinary relief may still be available.

SETTLING THE JOURNAL ENTRY UNDER SUPREME COURT
RULE 170 WITHOUT A HEARING

Garrison claims that the district court erred by not holding a hearing to settle the journal entry dismissing his claims. Garrison objected to the draft journal entry prepared by defense counsel at the court's direction and responded with a "Motion for Facts and Conclusions of Law" and a 10-page "Objections to Defendant's Proposed Journal Entry." Thereafter, the district court signed and filed the draft journal entry prepared by defense counsel without conducting a hearing.

Because Kansas Supreme Court Rule 170 (2022 Kan. S. Ct. R. at 236) gives the district court discretion as to whether to hold a hearing to settle a journal entry, we apply the abuse of discretion standard in our review. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

Garrison contends that in being denied a hearing he was denied his right to be heard on the adequacy of the journal entry. But he was heard through the court's consideration of the motion and objections Garrison filed. It was within the discretion of

12

the district court to resolve the matter based on the documents filed without the necessity of a hearing in court. There was no abuse of that discretion.

GARRISON'S MOTION FOR CHANGE OF JUDGE

Garrison appeals the district court's denial of his motion for change of judge. We find no error in the district court's disposition of this motion.

"Under K.S.A. 20-311d, a party must first file a [nonspecific] motion for change of judge; if that motion is denied, then the party must file a legally sufficient affidavit alleging grounds set forth in the statute." *State v. Sawyer*, 297 Kan. 902, 908, 305 P.3d 608 (2013). We have unlimited review over the legal sufficiency of the affidavit. When engaging in such a review, we "'examine whether the affidavit provides facts and reasons pertaining to the party or his attorney which, if true, give fair support for a well-grounded belief that he or she will not obtain a fair trial.'" 297 Kan. at 908.

We note in passing that under the statute, K.S.A. 20-311d, a motion for change of judge is available when "a party . . . believes that the judge to whom an action is assigned cannot afford that party a fair trial in the action." Here, the case had ended. There would be no trial, absent a reversal of the district court's ruling on the motion to dismiss. If that happened, Garrison then could move to replace Judge Godderz. But at the time Garrison filed his motion, the proceedings in the district court had ended.

In any event, Garrison's affidavit setting forth his grounds for a change of judge did not list a legally sufficient basis for granting the motion. K.S.A. 20-311d(d) provides that an affidavit that merely recites previous rulings or decisions by the judge on legal issues "shall not be deemed legally sufficient for any belief that bias or prejudice exists." In his affidavit in support of a motion for change of judge, Garrison stated that Judge Godderz presided over four other cases in which Garrison was a party and ruled against

13

him in each case. He then recited the facts and Judge Godderz' rulings in each case (as well as in the instant case) and argued that the rulings showed bias or prejudice. As the district court noted in ruling on this motion, these allegations are legally insufficient based on K.S.A. 20-311d(d). The district court did not err in denying Garrison's motion.

Affirmed.